(814 P.2d 449)

No. 65,649

STATE OF KANSAS, *Appellee,* v. TIMOTHY C. CHAPMAN, *Appellant.*

Opin-
ion filed June 28, 1991.

*Harold T. McCubbin*, of Harold T. McCubbin, Chartered, of Norton, for appellant.

*Steven W. Hirsch*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., RULON, J., and DAVID S. KNUDSON, District Judge, assigned.

RULON, J.: Timothy C. Chapman, defendant, appeals his conviction for speeding (K.S.A. 1990 Supp. 8-1336), claiming that he was denied his right to trial by jury. We reverse and remand for further proceedings.

The material, undisputed facts are as follows:

On March 23, 1990, Chapman was issued a traffic citation for driving 73 miles per hour in a 55 mile per hour zone in Decatur County. On April 18, 1990, Chapman filed a demand for jury trial.

K.S.A. 1989 Supp. 22-3404(1), effective at the time of the offense, provided:

"The trial of misdemeanor and traffic infraction cases shall be to the court unless a jury trial is requested in writing by the defendant not later than seven days after first notice of trial assignment is given to the defendant or such defendant's counsel. The time requirement provided in this subsection regarding when a jury trial shall be requested may be waived in the discretion of the court upon a finding that imposing such time requirement would cause undue hardship or prejudice to the defendant."

The 1990 Kansas Legislature amended 22-3404, adding the following language: "The trial of traffic infraction cases shall be to the court." L. 1990, ch. 109, § 1; K.S.A. 1990 Supp. 22-3404(5). The amended law became effective on July 1, 1990.

On July 31, 1990, the district court sent a letter to counsel saying:

"Pursuant to Senate Bill 629, infractions are now tried to the Court with the exception of cases with the possibility of imprisonment or a fine over $500. Therefore, the above referenced case shall be a trial to the Court and is scheduled for August 22, 1990 at 9 a.m. in the Decatur County Courthouse."

At trial, Chapman's counsel renewed his request for a jury trial. The district court again denied the request, saying:

"The Court would find that the issue in question is a procedural question and not a substantive right, and it's procedural. The time and place of trial is the one which controls. So, the Court finds that the Legislature intended that it's appropriate that a jury trial is not awarded in this case. Further, the United States Supreme Court affirmed the Florida statute which was similar in nature, which did not require jury trials in those cases which had penalties of less than six months in jail or $1,000.00 fine, I believe. So, the motion is noted and denied."

Chapman contends that the new version of 22-3404 should not be applied retroactively to deny him a right to jury trial for an offense committed in March 1990. Our Supreme Court recently restated the law of prospective versus retroactive application of statutes in *State v. Sutherland*, 248 Kan. 96, 106, 804 P.2d 970 (1991):

"The fundamental rule is that a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively. *State v. Hutchison*, 228 Kan. 279, 287, 615 P.2d 138 (1980). An exception to the fundamental rule is that if the statutory change does not prejudicially affect the substantive rights of the *parties* and is merely procedural or remedial in nature, it applies retroactively. 228 Kan. at 287."

The question present here is whether Chapman's right to a jury trial is substantive or procedural. At the outset, it should be noted that the right to trial by jury is guaranteed by both the United States and Kansas Constitutions. U.S. Const. Amendment 6; Kan. Const. Bill of Rights, § 5. In *Duncan v. Louisiana*, 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444, *reh. denied* 392 U.S. 947 (1968), the United States Supreme Court held that trial by jury was a fundamental right which must be preserved by the states under the due process clause of the Fourteenth Amendment. The *Duncan* court said:

"Because we believe that trial by jury in ·criminal cases is fundamental to the American scheme of justice, we hold that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee." 391 U.S. at 149.

Chapman concedes that the legislature has the power to make jury trials unavailable in the case of traffic infractions. He notes the recent case of *Blanton v. North Las Vegas*, 489 U.S. 538, 103 L. Ed. 2d 550, 109 S. Ct. 1289 (1989), which stated:

"It has long been settled 'that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.' [Citations omitted.] . . . The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is 'far better equipped to perform the task, and [is] likewise more responsive to changes in attitude and more amenable to the recognition and correction of their misperceptions in this respect.' [Citation omitted.]" 489 U.S. at 541-42.

The *Blanton* Court went on to hold that there was no Sixth Amendment right to trial by jury in the case of a first offense for DUI. 489 U.S. at 545.

We believe the fact that the legislature may deny jury trials to persons accused of petty offenses does not end the inquiry into whether the right to jury trial is substantive or procedural. In *State v. Sutherland* and its companion case, *State v. Sylva*, 248 Kan. 118, 804 P.2d 967 (1991), the Kansas Supreme Court

found that K.S.A. 1989 Supp. 21-4603(3), which dictates how a sentencing court should apply the recommendations of the State Reception and Diagnostic Center, was substantive in nature and was to be applied prospectively only. Arguably, if a statute detailing the procedure to be used for sentence modification is substantive, then a statute conferring a right to jury trial should also be substantive.

The line between substantive and procedural laws is difficult to discern. In *State v. Sylva,* the court relied on the earlier case of *State v. Hutchison,* 228 Kan. 279, 615 P.2d 138 (1980), which stated:

"As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished." 228 Kan. 279, Syl. ¶ 8.

Courts in other states have wrestled with the distinction between substantive and procedural law; one fairly representative definition is found in *State, ex rel. v. Ind. Comm.,* 11 Ohio St. 2d 175, 178, 228 N.E.2d 621 (1967):

"It is doubtful if a perfect definition of 'substantive law' or 'procedural or remedial law' could be devised. However, the authorities agree that, in general terms, substantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress. [Citations omitted.]"

The Kansas statute which sets forth rules of statutory construction is K.S.A. 77-201; it provides in part: "The repeal of a statute does not revive a statute previously repealed, nor does the repeal affect *any right which accrued,* any duty imposed, any penalty incurred or *any proceeding commenced,* under or by virtue of the statute repealed." (Emphasis added.) We believe Chapman had a substantive right to a jury trial under the previously existing state law. Although this right could be modified, the repeal of the law which conferred the right should not have a retroactive effect so as to deprive Chapman of the jury trial to which he was entitled.

It is difficult to conceive of a more fundamental right than an accused's right to a jury trial. In the absence of clear statutory language to the contrary, we believe the legislature intended the

statutory changes, discussed here, to operate prospectively only, and not retroactively.

Reversed and remanded for further proceedings.