(878 P.2d 846)
No. 71,017

DONALD E. HALL, *Appellant,* v. ROADWAY EXPRESS, INC., and
KANSAS WORKERS COMPENSATION FUND, *Appellees.*
Petition for review denied 255 Kan. 1001 (1994).

Opinion filed August 5, 1994.

*Davy C. Walker,* of Kansas City, for the appellant.

*Douglas M. Greenwald* and *Wade A. Dorothy*, of McAnany, Van Cleave & Phillips, P.A., of Lenexa, for appellee Roadway Express, Inc.

*Elizabeth A. Kaplan*, of Benien & Kaplan, of Overland Park, for appellee Kansas Workers Compensation Fund.

Before BRISCOE, C.J., LEWIS and GREEN, JJ.

LEWIS, J.: Claimant Donald E. Hall was employed by Roadway Express, Inc., (Roadway) at all times pertinent to this appeal. He suffered a job-related injury in December 1991 when he felt something snap in his back as he picked up a tire that had dropped off a drag cart. In March 1992, he suffered further injury when the band around an item of freight broke while he was pulling on it. Both injuries were sustained while claimant was on the job working for Roadway.

Claimant filed a workers compensation claim based on the injuries described above. The Administrative Law Judge (ALJ) held that claimant had suffered a 20 percent impairment of the body as a whole as a result of his work-related injuries. The decision of the ALJ was entered on December 28, 1993, awarding appropriate compensation to claimant. Claimant did not appeal that award to the Workers Compensation Appeals Board (Board). When no petition for review was filed, the Board approved the order of the ALJ as required by statute. Claimant now appeals from the order of the Board and the ALJ.

This court entered a show cause order, suggesting we lacked jurisdiction to hear the appeal as a result of claimant's failure to request review by the Board. Claimant insists that we do have jurisdiction. He further argues that the 1993 changes relating to review of decisions of ALJ's are unconstitutional if applied retrospectively. In support of this argument, claimant points out that the injuries for which he sought compensation took place prior to July 1, 1993, the effective date for the 1993 changes in the law. He therefore argues that the new workers compensation scheme for reviewing decisions of ALJ's cannot constitutionally apply to his action.

There are several questions on appeal which we shall attempt to treat in some logical manner.

## AUTHORITY TO REVIEW

The order of the ALJ in this case was entered on December

28, 1993. No review of that order by the Board was requested by claimant. The question we must first determine is whether the failure to request review by the Board deprived this court of jurisdiction to determine claimant's appeal.

The question is not as easily answered as might have been initially expected. K.S.A. 44-551(b)(1) reads in pertinent part as follows:

"All acts, findings, awards, decisions, rulings or modifications of findings or awards made by an administrative law judge shall be subject to review by the board upon written request of any interested party within 10 days and if no such request is made, then the board shall approve such actions, findings, awards, decisions, rulings or modifications of findings or awards of the administrative law judge. *Review by the board shall be a prerequisite to judicial review as provided for in K.S.A. 44-556 and amendments thereto.* On any such review, the board shall have authority to grant or refuse compensation, or to increase or diminish any award of compensation or to remand any matter to the administrative law judge for further proceedings." (Emphasis added.)

The statute clearly states that a failure to request a review by the Board would be fatal to any attempt for judicial review.

However, that is not the end of the problem. We cannot read 44-551 as if it existed in a vacuum. It must be read in conjunction with the other statutes passed in 1993 relating to judicial review of workers compensation actions.

K.S.A. 44-556(a) reads as follows:

"*Any action* of the board pursuant to the workers compensation act, other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a and amendments thereto, *shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions by appeal directly to the court of appeals. Any party may appeal from a final order of the board by filing an appeal with the court of appeals within 30 days of the date of the final order. Such review shall be upon questions of law.*" (Emphasis added.)

In this case, there is a final order of the Board. It was entered on January 11, 1994, and reads as follows:

"An award was entered in the above captioned matter by Administrative Law Judge Robert H. Foerschler on December 28, 1993, and received by the Division on December 29, 1993. *No review by the Appeals Board has been requested. The Appeals Board finds that an order approving said award should be entered as provided by K.S.A. 44-551, as amended.*

"WHEREFORE, the award entered herein by Administrative Law Judge Robert H. Foerschler on December 28, 1993, and received by the Division on December 29, 1993, is hereby approved.

"Filed in the Division of Workers Compensation on January 11, 1994." (Emphasis added.)

The notice of appeal filed by claimant specifically appeals from "the Order of the Appeals Board dated January 11, 1994."

The order of the board dated January 11, 1994, is certainly an "action" by the Board. We must decide whether we have jurisdiction to review the award despite claimant's failure to request a review.

In deciding this issue, we are faced with what appears to be an irreconcilable conflict between K.S.A. 44-551 and 44-556. K.S.A. 44-551 very clearly states that there can be no judicial review without *review* by the Board. The Board can only conduct a *review* when requested to do so by one of the parties. If K.S.A. 44-556 did not exist, we would quickly conclude that we have no jurisdiction to hear the merits of this appeal since there was no *review* requested or conducted by the Board. However, 44-556 appears to permit *any action* of the Board to be appealed to this court. The rubber-stamp approval issued in this case is surely an "action" of the Board. The language of one statute nullifies the language of another. We must resolve this conflict if at all possible.

In order to resolve the apparent conflict, we must interpret the entire act as passed by the legislature:

" 'Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.

" 'In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act.' *West v. Collins*, 251 Kan. 657, Syl. ¶¶ 3, 4, 840 P.2d 435 (1992)." *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993).

Further,

" '[T]he legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' " *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992).

This is an issue of first impression. The law was recently passed by the legislature in 1993, and we have no other decisions to guide us.

We begin by observing there is virtually nothing to review concerning the Board's action under the circumstances. Since no written request for review was made, the Board was directed by statute to simply approve the actions of the ALJ. The *action* of the Board in this instance was to carry out a statutory mandate to rubber-stamp its approval of the ALJ's decision. This is all the statute requires or permits the Board to do under the circumstances shown.

In general, the changes to the workers compensation code were designed to shift the de novo review of the district court to the newly created Workers Compensation Board of Appeals. The appellate review of Board decisions was designed to be filed directly with the Court of Appeals. However, we cannot provide a meaningful review of a statutorily mandated rubber-stamp approval of the ALJ decision. We do not believe that the legislature intended to require this court to review meaningless, mandatory approvals of decisions of ALJ's. If there is a right to appellate review under the circumstances shown, then the legislature has provided for meaningless review of meaningless actions by the Board.

" 'There is a presumption that the legislature does not intend to enact useless or meaningless legislation.' " *Todd v. Kelly*, 251 Kan. at 515.

"[T]he legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results." 251 Kan. at 520.

" 'In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof *in pari materia. When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and*

*reason, disregarding so far as may be necessary the strict letter of the law.'* [Citation omitted.]" 251 Kan. at 516.

If this court has jurisdiction to review *any action* of the Board, including its rubber-stamp approval of ALJ decisions, then the language in K.S.A. 44-551(b)(1) which states "Review by the Board shall be a prerequisite to judicial review", becomes meaningless. This violates the presumption that meaningless enactments are not intended by the legislature.

The key word in K.S.A. 44-551 is the word *review*. The statute provides that the decision of an ALJ is subject to *review* by the Board only when a written request is made within 10 days of the decision. If no request for *review* is forthcoming, the Board is directed to simply *approve* the order of the ALJ. Only on a *review* can the Board "grant or refuse compensation" or "increase or diminish an award of compensation." Only on *review* does the Board have authority to "remand any matter to the administrative law judge for further proceedings." K.S.A. 44-551(b)(1). The Board's power of *review* only comes into being if a written *request for review* is made. If no request for *review* is made, the Board's function is that of rubber-stamping its approval on all decisions of the ALJ. The Board may disagree with the decision of the ALJ but, without a request for *review*, it has no choice but to rubber-stamp its approval on that decision. Absent a request for *review*, the Board cannot exercise discretion or provide a de novo review of the decision of an ALJ.

K.S.A. 44-552(b) deals with hearings before the ALJ and provides:

"All testimony introduced and proceedings had in hearings shall be taken down by the certified shorthand reporter, and if an action for *review* is commenced or if the director, or either party or the best interests of the administration of justice, so instructs, the certified shorthand reporter shall transcribe the certified shorthand reporter's notes of such hearing. If an action for *review* is commenced, the cost of preparing a transcript shall be paid as provided by K.S.A. 77-620 and amendments thereto." (Emphasis added.)

This particular portion of the statute indicates that a transcript is automatically prepared if an action for *review* is commenced. As noted, such an action only takes place upon the written request of one of the parties. In theory, if no such request is made, it

is possible that no record will be transcribed. In fact, if no request for a *review* is made, the need for any such transcript is effectively eliminated.

It is clear from a reading of the statutes that the term *review* is a term of art from which certain remedies flow. The Board can only *review* the decision of an ALJ if a written request for *review* is made.

K.S.A. 44-556 must be read in concert with K.S.A. 44-551. K.S.A. 44-556 provides that "any action" of the Board may be appealed to the Court of Appeals. However, K.S.A. 44-551(b)(1) provides: "Review by the board shall be a prerequisite to judicial review *as provided for in K.S.A. 44-556 and amendments thereto*." (Emphasis added.) As we have pointed out, there is an apparent irreconcilable contradiction between the two statutes. We are required to resolve this conflict in order to determine the intent of the legislature.

This conflict is resolved by a careful reading of the two statutes. K.S.A. 44-551 incorporates the provisions of K.S.A. 44-556 by stating that "review by the board shall be a prerequisite to judicial review *as provided for in K.S.A. 44-556 and amendments thereto*." Thus, the term "any action" as used in 44-556 must be interpreted in harmony with the provisions of 44-551 insofar as judicial review is concerned. In this light, the term "any action" as used in 44-556 is construed to mean "any action of review" since it is only an action of "review" that may be appealed under 44-551. This appears to us as a reasonable construction which removes the potential conflict and antagonism between 44-551 and 44-556.

We hold that in order to harmonize the statutes and preserve the integrity of the appeal process, only an "action" taken by the Board in a *review* may be appealed to this court. In other words, those actions which were not set into motion by a request for review are not appealable to the Court of Appeals. To hold that K.S.A. 44-556 permits the appeal of "any action" without qual-ification leaves it in a state of perpetual disharmony with the provisions of K.S.A. 44-551, which permits judicial review only if a request for *review* has been made. Our function is to create harmony within the statutory provisions relating to the same sub-ject. The solution we have reached creates harmony and preserves

meaning for that portion of K.S.A. 44-551 under discussion. We do not believe the legislature intended to create two antagonistic and irreconcilable statutes. By reading into K.S.A. 44-556 the requirement that only actions by the Board taken pursuant to a written request for *review* are appealable, we eliminate the antagonism and reconcile the two statutes.

We hold that judicial review by this court may only be sought after the Board has *reviewed* the decision of the ALJ pursuant to a written request under K.S.A. 44-551.

The language of K.S.A. 44-551 is a bit more specific than the general language employed in 44-556. In K.S.A. 1992 Supp. 44-551(b)(1), the legislature specifically provided that with regard to seeking a review from the Director, "[t]he filing of such a request for review *shall not* be a prerequisite to judicial review as provided for in K.S.A. 44-556 and amendments thereto." (Emphasis added.)

In amending K.S.A. 44-551, the legislature removed the language that stated Director review *was not* a prerequisite to judicial review and substituted a provision which made Board review *a prerequisite to judicial review*. This indicates that the legislature was well aware of the language of K.S.A. 1992 Supp. 44-551 and made a specific and significant change in requiring Board review before judicial review becomes available. This, we believe, is important in determining the intent of the legislature.

Our interpretation is consistent with the reasons for the creation of the Board. Review by the Board is clearly designed to replace the review by the district court under the law as it existed prior to July 1, 1993. Under the old law, appeal to this court directly from the decision of the ALJ was not possible. In order to invoke appellate jurisdiction, a review had to be conducted by the district court. Our interpretation of the new law preserves that scheme and substitutes the *review* by the Board for that of the district court.

We believe that our interpretation is consistent with the intent of the legislature. However, we would invite the legislature to take prompt action to remove the apparent antagonism between K.S.A. 44-551 and K.S.A. 44-556.

Based upon our interpretation of the law enacted by the legislature in 1993, the failure of claimant to seek a review of the

decision of the ALJ by the Board deprives this court of jurisdiction to determine the merits of claimant's appeal.

## DOES K.S.A. 44-551 APPLY?

We have determined that K.S.A. 44-551 requires a written request for review by the Board as a prerequisite to seeking judicial review. It appears, as a result, that claimant's appeal should be dismissed. However, claimant argues that K.S.A. 44-551 does not apply to his claim since his claim is based on injuries suffered prior to July 1, 1993. He then claims that the Board had no jurisdiction over his appeal and that no request for review was required.

Claimant argues that the new law should be applied only prospectively. He points out that a statute is generally deemed only to operate prospectively and may be applied retrospectively·only if the statutory change is procedural as opposed to substantive. See *In re Application of Noel for Discharge Hearing,* 17 Kan. App. 2d 303, 838 P.2d 336 (1992).

In examining the particular legislation involved in this action, we note that the legislature has specifically provided when the statutory changes are to operate prospectively and when they are to operate retrospectively. K.S.A. 44-556(c) provides:

"If review is sought on any order entered under the workers compensation act *prior to October 1, 1993,* such review shall be in accordance with the provisions of K.S.A. 44-551 and this section, and any other applicable procedural provisions of the workers compensation act, *as all such provisions existed prior to amendment by this act on July 1, 1993.*" (Emphasis added.)

This particular provision of the law provides that review of orders issued prior to October 1, 1993, is to be conducted under the law as it was prior to July 1, 1993. It provides, by implication, that if the order was issued after October 1, 1993, the new procedure controls. In this case, the orders were issued on December 28, 1993, and January 11, 1994. The orders in question were both issued after October 1, 1993, and, under the statutory scheme, the new rules would apply. The date of claimant's injury is not controlling.

The next issue is whether the legislature had the power to make the new system retrospective where the injuries occurred

prior to July 1, 1993, and the orders appealed from were issued after October 1, 1993.

Retrospective versus prospective operation of statutes was discussed in *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, Syl. ¶ 4, 831 P.2d 958 (1992):

"A statute operates prospectively unless its language clearly indicates the legislature intended for it to operate retroactively. Legislatures may by express provision make procedural laws retroactive because no property rights are involved. A different rule applies, however, to substantive laws. They affect vested rights and are not subject to retroactive legislation which would constitute the taking of property without due process."

According to *Harding*, a substantive change in the law affects vested rights and would violate the due process rights of the party involved if made to apply retrospectively. Claimant in this matter argues that the retrospective application of K.S.A. 44-551 violates his due process rights.

Are the changes in the law which are at issue in this appeal procedural or substantive? If they are procedural, then retrospective application is proper. If they are substantive, then any retrospective application becomes a due process issue.

The new K.S.A. 44-551 and K.S.A. 44-556 deal with the procedure for review of a decision of an ALJ. K.S.A. 44-551 deals with the manner in which one seeks review by the Board and provides that, if review by the Board is requested, judicial review is available from the Court of Appeals. "Procedure has been defined as the mechanics by which a legal right is enforced, as distinguished from the law which gives or defines the legal right, and which, by means of the proceeding, the court is to administer the legal right." *Board of Greenwood County Comm'rs v. Nadel*, 228 Kan. 469, 479, 618 P.2d 778 (1980). This court has defined the issue as follows: "In general terms, substantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress." *State v. Chapman*, 15 Kan. App. 2d 643, Syl. ¶ 3, 814 P.2d 449 (1991).

We have Kansas decisions dealing with the question of whether a particular law was procedural or substantive. In *State v. Chapman*, 15 Kan. App. 2d at 645-46, we examined a statutory amendment which denied the right to a jury trial to those accused of

traffic infractions. We held that the amendment in that case was substantive.

An amended statute regarding transferring patients· committed to the state hospital after being acquitted on the basis of insanity was found to be substantive. *In re Application of Noel for Discharge Hearing*, 17 Kan. App. 2d at 315.

In *Harding v. K.C. Wall Products*, 250 Kan. at 670, the court found a statute of limitations amendment was not substantive, stating: "It [the statute of limitations] is an expression of legislative public policy, is procedural, and may be applied retroactively when the legislature expressly makes it so."

Of particular application to the case now before this court is the decision in *Olathe Community Hospital v. Kansas Corporation Comm'n*, 232 Kan. 161, 652 P.2d 726 (1982). In that case, the court examined an amendment to the appellate process from a KDHE order. Under the old statute, the appeal was to the KCC. Under the amendment, appeal would be to the district court. The court stated: "In the case at bar the legislature did not shorten the thirty-day appeal time but merely made a procedural change in the identity of the body to hear the appeal. The respondents still had thirty days from the date of the order in which to effect their appeal." 232 Kan. at 166. The court continued:

"The rule is also well settled in this state *that an appeal is not a matter of right, but is governed by statute. Appeals previously permitted may be subsequently limited or completely withdrawn.* [Citations omitted.] . . . [T]he right to an appeal from an administrative agency to the judiciary is not a guaranteed right." 232 Kan. at 166-67.

We have no difficulty in concluding that the amendments to K.S.A. 44-551 and 44-556 are not substantive. As pointed out by the Supreme Court in the *Olathe Community Hospital* case, there is no right to an appeal in this state; that is, a right governed by statute which may be limited or completely withdrawn. The changes litigated in this matter affect only the body hearing the appeal, not the substance of the appeal. Indeed, the appellate rights of claimant are virtually the same as they were prior to the amendment of a statute. Prior to July 1, 1993, a claimant had the right to invoke a de novo appeal before the district court. After the district court had conducted a de novo appeal, there

was a right to appeal to the appellate courts. After July 1, 1993, the legislature substituted the Workers Compensation Appeals Board for the district court. The claimant still has the right to a de novo appeal; it is simply before the Board and not before the district court. The new legislation involves none of claimant's substantive rights. Claimant still has the right to a de novo appeal and still has the right to a judicial appeal; only the method and procedure of obtaining those appeals has been changed. The elimination of the review by the Director does not affect any of claimant's substantive rights. This review was never a prerequisite for judicial review, and its elimination has no impact upon the substantive rights of a claimant.

We hold that the amendments to K.S.A. 44-551 and K.S.A. 44-556, insofar as they relate to appeal of a decision of an ALJ, are procedural and not substantive in nature. The legislature has provided that these procedural changes shall be employed in appealing all orders issued after October 1, 1993. This retroactive application of the new procedure is constitutional and does not affect any due process rights of claimants.

We hold that *review* by the Board is a prerequisite to judicial review by this court. The failure of claimant to file a written request for review by the Board within 10 days after the decision of the ALJ deprives this court of jurisdiction to hear the merits of claimant's appeal. Accordingly, claimant's appeal is dismissed.

Appeal dismissed.