No. 70,736

JESSE R. RIOS, *Appellant*, v. BOARD OF PUBLIC UTILITIES OF KANSAS CITY, KANSAS, and KANSAS WORKERS COMPENSATION FUND, *Appellees*.

(883 P.2d 1177)

Opinion filed October 28, 1994.

*Davy C. Walker*, of Kansas City, was on the brief for appellant.

*Mary Ann Neath*, assistant city attorney, and *Harold T. Walker*, city attorney, were on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Claimant Jesse R. Rios appeals the administrative law judge's (ALJ) finding of the percentage of impairment Rios suffered as a result of his work-related injury. The Court of Appeals, *sua sponte*, questioned its jurisdiction to determine the issue appealed because Rios had failed to request review of the

ALJ's award by the Workers Compensation Board (Board). This court transferred the case to its docket under the authority granted by K.S.A. 20-3018(c).

On July 12, 1989, Rios, a water serviceman employed by the Board of Public Utilities of Kansas City, Kansas, was struck in the back of his head and his neck by a large chunk of asphalt as he was working on a water main. After hearing the evidence, the ALJ concluded Rios had suffered a compensable injury resulting in a 25% impairment of function to the body as a whole. The hearing before the ALJ took place on April 26, 1993. On July 1, 1993, S.B. 307, which now governs the statutory procedure for appeals of workers compensation claims, became law.

Under the previous statutory procedure for appeals of workers compensation claims, once a workers compensation award had been made by an ALJ, any interested party, within 10 days of the award, could seek review of the award by the Director of Workers Compensation. If no request for review was made within the 10 days, the Director was required to approve the award by the ALJ. K.S.A. 1992 Supp. 44-551(b)(1).

Prior to July 1, 1993, seeking review by the director was not a prerequisite to judicial review of the ALJ's award. K.S.A. 1992 Supp. 44-551(b)(1). Any action taken by the ALJ or the Director was subject to review by the district court under the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* K.S.A. 1992 Supp. 44-556(a). The district court's scope of review was de novo, but limited to the record available to the Director. K.S.A. 1992 Supp. 44-556(a). The district court could affirm, reverse, or modify the award approved by the Director. K.S.A. 1992 Supp. 44-556(b). Any party seeking review of the decision of the district court could appeal the matter to the Court of Appeals. K.S.A. 1992 Supp. 44-556(c); K.S.A. 77-623.

S.B. 307 changed the workers compensation appellate procedure. L. 1993, ch. 286. K.S.A. 44-555b(a) established the Board. Under the Workers Compensation Act, the Board has exclusive jurisdiction to review all decisions, findings, orders, and awards of compensation of ALJ's. The Board reviews questions of law and fact based upon a transcript of the proceedings before the ALJ.

S.B. 307 also amended K.S.A. 1992 Supp. 44-551(b)(1) so that all acts, findings, awards, decisions, rulings, or modifications of findings or awards made by an ALJ are subject to review by the Board upon written request of any interested party within 10 days, and if no such request is made, the Board is required to approve the actions, findings, awards, decisions, rulings, or modifications of findings or awards of the ALJ. If review of the ALJ's award is requested by a party, the Board has the authority to grant or refuse compensation, or to increase or diminish any award of compensation, or to remand any matter to the ALJ for further proceedings. Review by the Board is a prerequisite to judicial review as provided for in K.S.A. 44-556 and amendments thereto. K.S.A. 44-551(b)(1).

The 1993 amendment to K.S.A. 1992 Supp. 44-556 eliminated the trial de novo in the district court; K.S.A. 44-555b(a) provided that review of the ALJ's decision be by the Board. Under the new procedure, any action of the Board, other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a, is subject to review in accordance with the Act for Judicial Review and Civil Enforcement of Agency Actions by appeal directly to the Court of Appeals. Any party may appeal from a final order of the Board by filing an appeal with the Court of Appeals within 30 days of the date of the final order. Review by the Court of Appeals is limited to questions of law. K.S.A. 44-556(a).

July 1, 1993, was the date set by the legislature to change the procedure of review by the Court of Appeals. If review was sought of any order entered under the Workers Compensation Act prior to October 1, 1993, the review was to be in accordance with the provisions of K.S.A. 1992 Supp. 44-551, K.S.A. 1992 Supp. 44-556, and any other applicable procedural provisions of the Workers Compensation Act, as all such provisions existed prior to July 1, 1993. K.S.A. 44-556(c).

In this case, the ALJ entered the award on October 14, 1993. Rios failed to seek either review by the Director under the prior procedure or by the Board under the new procedure. On October 26, 1993, the Board noted that no request for review had been filed and, as required by law, issued its order approving the award

made by the ALJ. Rios did not file a petition for review in the district court, which would have been the mode of appeal under the old procedure. On November 24, 1993, Rios instead mailed a notice to the Board that he was appealing to the Court of Appeals the Board's October 26, 1993, order approving the award entered by the ALJ. Rios' notice of appeal was docketed on November 29, 1993.

On December 16, 1993, the Court of Appeals notified the parties that it might lack jurisdiction under K.S.A. 44-551(b)(1) to consider the appeal. It pointed out that Rios had not requested Board review of the award entered by the ALJ. The parties were ordered to address whether Rios' failure to request Board review of the ALJ's award deprived that court of jurisdiction to consider the claimant's appeal. On March 21, 1994, this court transferred the case to its docket under the authority granted by K.S.A. 20-3018(c).

On August 5, 1994, the Court of Appeals decided *Hall v. Roadway Express, Inc.*, 19 Kan. App. 2d 935, 878 P.2d 846 (1994). In that case, the Court of Appeals addressed and answered the same questions raised in this appeal by Rios. Claimant Donald E. Hall was employed by Roadway Express, Inc. (Roadway). Hall suffered a job-related injury to his back in December 1991. In March 1992, he suffered further injury on the job. Hall filed a workers compensation claim. On December 28, 1993, the ALJ found that Hall had suffered a 20 percent impairment of the body as a whole as a result of his work-related injuries. Hall did not appeal that award to the Board. Because no petition for review was filed by Hall, on January 11, 1994, the Board approved the order of the ALJ as required by K.S.A. 44-551. Hall, who had not appealed the December 28, 1993, award entered by the ALJ, appealed the January 11, 1994, order of the Board approving the award of the ALJ.

The Court of Appeals issued a show cause order, questioning whether it had jurisdiction to hear the appeal as a result of Hall's failure to request review by the Board. Hall argued to the Court of Appeals that it did have jurisdiction of the appeal. He asserted that the 1993 changes relating to review of decisions of ALJ's

would be unconstitutional if applied retrospectively. In support of this assertion, Hall pointed out that the injuries for which he sought compensation took place prior to July 1, 1993, the effective date for the 1993 changes in the law; therefore, the new workers compensation procedure for reviewing decisions of ALJ's could not constitutionally apply to his appeal.

The Court of Appeals noted that K.S.A. 44-551(b)(1) stated that review by the Board was a prerequisite to judicial review as provided for in K.S.A. 44-556 and amendments thereto. It further noted that K.S.A. 44-556 (a) provided that any party could appeal from a final order of the Board by filing an appeal with the Court of Appeals within 30 days of the date of the final order, with such review limited to questions of law; the Board had statutory authority to grant or refuse compensation, to increase or diminish any award of compensation, or to remand any matter to the ALJ for further proceedings. It observed that although K.S.A. 44-551(b)(1) clearly stated that a failure to request a review by the Board was fatal to any attempt for judicial review, K.S.A. 44-551 did not exist in a vacuum and must be read in conjunction with the other statutes passed by the 1993 legislature relating to judicial review of workers compensation actions. It pointed out that K.S.A. 44-556(a) provided that any action of the Board pursuant to the Workers Compensation Act, other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a and amendments thereto, was subject to review in accordance with the Act for Judicial Review and Civil Enforcement of Agency Actions by appeal directly to the Court of Appeals.

The Court of Appeals observed that if the order of the Board dated January 11, 1994, was an "action" by the Board, there appeared to be a conflict between K.S.A. 44-551 and K.S.A. 44-556. It also observed that K.S.A. 44-551 clearly stated that there can be no judicial review without *review* by the Board and pursuant to K.S.A. 44-556 the Board could only conduct a review when requested by one of the parties. The *Hall* court stated that if K.S.A. 44-556 had not existed, it could conclude that it had no jurisdiction to hear the merits of the appeal because no *review* had been requested or conducted by the Board. However, if the

rubber-stamp approval issued by the Board was an "action" of the Board, 44-556 appeared sufficiently broad to also permit that action of the Board to be appealed. It found that the language of one statute nullified the language of another and that a conflict existed that must be resolved.

The *Hall* court noted that the interpretation of a statute is a question of law, and it is the function of the court when interpreting a statute to give it the effect intended by the legislature if that intent can be ascertained. In determining legislative intent, courts are not limited to consideration of the language used in the statute but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. In construing statutes, the legislative intent is to be determined from a general consideration of the entire act. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). In resolving the conflict, the Court of Appeals interpreted the entire Act as passed by the legislature.

The *Hall* court pointed out that the changes to the Workers Compensation Act were designed to shift the de novo review by the district court to the newly created Board and appellate review of Board decisions was to be filed directly with the Court of Appeals. The *Hall* court, after reviewing the statutes and applying the rules of statutory interpretation, concluded that the legislature did not intend to require an appellate court to review the Board's meaningless, mandatory approvals of decisions of ALJ's.

In reaching that conclusion, the *Hall* court points out that K.S.A. 44-551 provides that the decision of an ALJ is subject to *review* by the Board only when a written request is made within 10 days of the decision. The court asserted that the key word in K.S.A. 44-551 is the word *review*. It observed that if no request for *review* is forthcoming, the Board is directed by statute to simply *approve* the order of the ALJ. K.S.A. 44-551(b)(1). It concluded that the Board's power of *review* only comes into being if a written *request for review* is made. If a *review* is requested, the Board can grant or refuse compensation, increase or diminish

an award of compensation, or remand any matter to the ALJ for further proceedings. If no request for *review* is made, the Board's function is that of rubber-stamping its approval of the decision of the ALJ even if the Board disagreed with the decision of the ALJ.

In determining when the new appellate procedure became effective, the *Hall* court noted that the legislature can specifically provide when the statutory changes are to operate prospectively and when they are to operate retrospectively. K.S.A. 44-556(c) provided that "[i]f review is sought on any order entered under the workers compensation act *prior to October 1, 1993*, such review shall be in accordance with the provisions of K.S.A. 44-551 and this section, and any other applicable procedural provisions of the workers compensation act, *as all such provisions existed prior to amendment by this act on July 1, 1993.*" (Emphasis added.) It observed that in Hall's case the Board's order was issued January 11, 1994, and under the statutory scheme the new rules would apply.

Hall agreed that legislatures may by express provision make procedural laws retroactive because no property rights are involved. Hall argued that because K.S.A. 44-551 dealt with a substantive right, retrospective application of the statute violated his due process rights. Substantive laws affect vested rights and are not subject to retroactive application which would constitute the taking of property without due process. *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, Syl. ¶ 4, 831 P.2d 958 (1992). Therefore, if the statutory changes were procedural, then retrospective application was proper. If they were substantive, then any retrospective application would violate a claimant's due process rights.

The *Hall* court concluded that the amendments to 44-551 and 44-556 were not substantive because the changes affected only the body hearing the appeal, not the substance of the appeal. Under the new procedure, the claimant retains the right to a de novo appeal and the right to a judicial review of the appeal; only the method and procedure of the appeal have been changed. *Hall* held that the new procedure did not affect any due process rights

of claimants; therefore, the retroactive application of the new procedure was constitutional. It determined that Hall's failure to file a written request for review by the Board within 10 days after the decision of the ALJ deprived that court of jurisdiction to hear the merits of claimant's appeal and dismissed the appeal.

Rios, as did Hall, also asserts that amendments to statutes should be applied prospectively, not retrospectively. Rios argues that the 1993 amendments affect his substantive rights and that applying the changes to a pending claim would disturb his vested rights. Rios asserts that because his injury occurred in 1989, he had a vested right to a trial de novo on the record by the Director of Workers Compensation and by the district court.

The general rule is that if an amendment is to a procedural statute and it does not prejudicially affect the substantive rights of the parties, all actions will be subject to the new procedure whether they accrued before or after the change in the law and whether or not a suit had been instituted. See *Lakeview Village v. Board of Johnson County Comm'rs,* 232 Kan. 711, 720, 659 P.2d 187 (1983). Procedural laws are those that concern "the manner and order of conducting suits—in other words, the mode of proceeding to enforce legal rights." *Stevenson v. Topeka City Council,* 245 Kan. 425, 427, 781 P.2d 689 (1989). Substantive laws establish the "rights and duties of parties." Black's Law Dictionary 1429 (6th ed. 1990). The amendments to 44-551 and 44-556 are not substantive because the changes affected only the body hearing the appeal, not the substance of the appeal. Under the new procedure, Rios retained the right to a de novo appeal and the right to judicial review of the appeal; only the method and procedure of the appeal had been changed.

The language in K.S.A. 44-556(c) clearly indicates the legislature's intent that orders in workers compensation matters entered on or after October 1, 1993, are to be appealed under the new procedure. The amendments to 44-551 and 44-556, which became effective July 1, 1993, are procedural and not substantive in nature and constitutionally may be applied retrospectively. The statute is to operate retrospectively as to those claims pending on October 1, 1993, regardless of when the injury occurred. The

manner in which judicial review is accomplished under the Workers Compensation Act is governed by the date the order being appealed was entered and not by the date the injuries were suffered. We conclude, as did the *Hall* court, that an appellate court has no jurisdiction to consider an appeal from an order of the Workers Compensation Board if no written request for review of the decision of the ALJ has been filed as required by K.S.A. 44-551.

Appeal dismissed.