(883 P.2d 1228)
No. 71,489

WALTER A. MCCLURE, *Appellant*, v. KEN RODRICKS & L.M. HULBERT, HARTFORD INSURANCE CO., and KANSAS WORKERS COMPENSATION FUND, *Appellees*.

Opinion filed November 4, 1994.

*William D. Wingfield* and *Louis Wexler*, of Overland Park, for the appellant.

*Mark J. Hoffmeister*, of Couch, Strausbaugh, Pierce & King, Chartered, of Overland Park, for the appellees Ken Rodricks and Hartford Insurance Company.

*Gary L. Jordon*, for the appellee Kansas Workers Compensation Fund.

Before PIERRON, P.J., BRAZIL, J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J. Retired: Walter A. McClure appeals from the district court's determination that it lacked jurisdiction to conduct a judicial review of his workers compensation case after the workers compensation Director (Director) set aside an award of the administrative law judge (ALJ). The basis of the district court's decision was that as a result of statutory amendments in 1993, it

lacked jurisdiction to review any order of the Director entered after October 1, 1993.

For purposes of this appeal, the facts in the case are not in dispute and are as follows: McClure was an employee of Richard Furman, a subcontractor. Furman was hired to do carpentry work for Hulbert Construction Company (Hulbert), a residential home construction business. On September 23, 1992, Furman took McClure and another employee to a residential building to assist Rex Potts, a subcontractor for Ken Rodricks Homes (Rodricks), in raising a second-story wall. While working, McClure fell and broke his right foot. At the time of the accident, Furman had no workers compensation insurance and has since left the state of Kansas. Hulbert had no workers compensation insurance but still builds houses in Johnson County. Potts also had no workers compensation insurance but Rodricks did have coverage for Potts and his employees.

McClure initially filed a workers compensation claim against Rodricks. The claim was later amended by adding Hulbert as a respondent and by impleading the Kansas Workers Compensation Fund (Fund). Hulbert was given notice of the pending claim but never entered an appearance in the case.

On April 23, 1993, a hearing on McClure's claim for compensation was held before the ALJ. The parties stipulated as to the extent of McClure's permanent partial disability to his leg. The primary issue at the hearing was which party should be responsible for payment of any award given to McClure.

The ALJ entered an award on July 13, 1993, in favor of McClure and against the Fund. The award was filed with the Director on July 14, 1993. A request for a Director's review of the award was filed by the Fund on July 15, 1993. On November 5, 1993, an order approved by the Director was filed, setting aside the award of the ALJ. McClure filed a timely petition for judicial review in the District Court of Johnson County on November 22, 1993, seeking either reinstatement of the ALJ award or that an award be entered against Rodricks or his insurer, Hartford Insurance Company (Hartford).

On March 3, 1994, the district court issued a memorandum decision dismissing McClure's appeal on the basis that, in light of changes in the Workers Compensation Act enacted by the 1993 legislature, there was no jurisdiction for the district court to conduct a review of an order of the Director entered on or after October 1, 1993. The district court relied upon the enactment of K.S.A. 44-555b and changes in K.S.A. 44-556. McClure filed a timely appeal to this court.

K.S.A. 44-555b(a) provides: "There is hereby established the Workers Compensation Board. The board shall have exclusive jurisdiction to review all decisions, findings, orders and awards of compensation of administrative law judges under the Workers Compensation Act."

K.S.A. 44-556(c) now provides:

"If review is sought on *any order* entered under the Workers Compensation Act prior to October 1, 1993, such review shall be in accordance with the provisions of K.S.A. 44-551 and this section, and any other applicable procedural provisions of the Workers Compensation Act, as all such provisions existed prior to amendments by this act on July 1, 1993." (Emphasis added.)

Prior to these amendments, awards and decisions of ALJs were reviewed by the Director, who could approve, modify, or set aside the award. The effect of the new act was to empower only the Workers Compensation Board to review ALJ decisions. The legislature recognized, however, that until the act became effective and the new board was appointed, there would be review cases in the pipeline which should be disposed of under the old law. In *Hall v. Roadway Express, Inc.*, 19 Kan. App. 2d 935, 878 P.2d 846 (1994), it was held that judicial review of orders entered under the Workers Compensation Act prior to October 1, 1993, shall be in accordance with the provisions of K.S.A. 1992 Supp. 44-551 and K.S.A. 1992 Supp. 44-556, which were in effect prior to July 1, 1993.

The district court in this case interpreted 44-556(c) to mean that workers compensation appeals are to be processed under the old system, through the Director and district court, only where the petition for judicial review of the *Director's order* has been filed prior to October 1, 1993. No previous appellate decisions

have considered the precise interpretation of the statutory language. Hence, we have an issue of first impression in Kansas.

The obligation of this court is to determine and give effect to the intent of the legislature. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

In this case, we have concluded that the district court misinterpreted the legislative intent in 44-556(c). The statute states, in substance, that if review is sought on "any order" entered under the Workers Compensation Act prior to October 1, 1993, the provisions of the old act shall be followed.

For this statutory provision to be applicable, there must be an order entered prior to October 1, 1993, and one of the parties involved who disagrees with the order must seek a review of that order. We must first determine what is an "order." K.S.A. 77-602(e) of the Act for Judicial Review and Civil Enforcement of Agency Actions defines an "order" to mean an agency action of particular applicability that determines the legal rights, duties, privileges, immunities, or other legal interests of one or more specific persons.

The same definition is found in K.S.A. 77-502(d) of the Kansas Administrative Procedure Act. An order of an ALJ which awards workers compensation in a case falls within this definition. In referring to the finality of ALJ decisions, the legislature in K.S.A. 44-549 states: "The award, finding, decision or order of an administrative law judge when filed in the office of the Director shall be deemed to be the final award, finding, decision or *order* of the administrative law judge." (Emphasis added.)

In this case, the ALJ's award made on July 13, 1993, and filed on July 14, 1993, determined the rights of the parties and obviously was an order within the meaning of 44-556(c).

We must next determine whether there was a "review" sought on an order under the Workers Compensation Act prior to October 1, 1993. As noted heretofore, the order of the ALJ was made on July 13, 1993, and filed with the Director on July 14,

1993. It is undisputed that on July 15, 1993, a *review* by the Director was requested by the Fund.

Under the district court's approach, McClure would be precluded from any further review of his compensation claim. The ALJ's order was filed on July 14, 1993. The Fund sought review by the Director on July 15, 1993. At that time there was no other way of taking an appeal. The order of the Director did not become effective until approved on November 5, 1993. According to the district court, it was then too late to carry on the appeal process to district court.

The suggestion of the district court that the Workers Compensation Board has exclusive jurisdiction to take an appeal in this case would duplicate a review already made by the Director, thus thwarting the legislative purpose to eliminate unnecessary steps in the workers compensation appeal process and to provide a more efficient review process.

We hold that under 44-556(c), it is the date the order of the ALJ is filed that determines whether a workers compensation claim should be reviewed by the Director and then the district court or should be submitted to the Workers Compensation Board and then to the Kansas Court of Appeals.

If the order of the ALJ is filed prior to October 1, 1993, the former statutes govern and the review is by the Director and then the district court. If the order of the ALJ is filed on October 1, 1993, or later, then the review should be taken to the Workers Compensation Board and then to the Kansas Court of Appeals in accordance with the 1993 amendments.

The judgment of the district court dismissing the case for want of jurisdiction is reversed, and the case is remanded to the district court to consider and determine the issued raised by the parties.