(887 P.2d 1147)
No. 71,508

UNIVERSITY OF KANSAS and STATE SELF-INSURANCE FUND, *Appellees*, v. DEPARTMENT OF HUMAN RESOURCES, DIVISION OF WORKERS COMPENSATION, *Defendant*, and ROBERT B. EVANS, *Appellant*.

 Opinion
filed January 6, 1995. 

*John M. Ostrowski,* of McCullough, Wareheim & LaBunker, P.A., of Topeka, for appellant.

*Robert D. Beall,* of Davis, Beall, McGuire & Thompson, Chartered, of Leavenworth, for appellees.

Before LARSON, P.J., ROYSE, J., and ROBERT G. JONES, District Judge, assigned.

ROYSE, J.: This is a workers compensation case. Robert B. Evans, claimant, appeals from the district court's decision reducing his award. He contends that the district court lacked jurisdiction to consider the matter, and alternatively, that the district court used an improper standard of review.

Evans met with personal injury by accident on October 14, 1983. He timely filed a claim for workers compensation benefits. After considerable delay, the administrative law judge (ALJ) issued his award on September 23, 1992. The ALJ determined Evans had suffered an 83% permanent partial general disability and awarded him $79,798.73 in workers compensation benefits. The record on appeal does not explain the extended delay in issuing the award.

Evans' employer, the University of Kansas (University), timely filed an application for Director's review. On October 12, 1993, the Director affirmed the ALJ's award in all respects. The delay in issuing the Director's order is likewise unexplained.

The University then sought judicial review of the Director's order. The district court reduced Evans' disability rating from 83% to 75%, but otherwise adopted the findings and conclusions of the ALJ. Evans appeals.

Evans' first argument on appeal is that the petition filed by the University in the district court failed to meet the specificity requirements set forth in the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* K.S.A. 77-614(b) states in pertinent part: "A petition for judicial review shall set forth . . . (6) the petitioner's reasons for believing that relief should be granted; and (7) a request for relief, specifying the type and extent of relief requested." Whether the University's petition

conforms to K.S.A. 77-614 is a question of law over which this court's review is unlimited. See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

Evans did not raise the specificity issue in the district court. The general rule is that a point not presented to the trial court will not be considered for the first time on appeal. *Hephner v. Traders Ins. Co.*, 254 Kan. 226, 231, 864 P.2d 674 (1993). Evans, however, contends that the University's failure to plead with specificity deprived the district court of jurisdiction. He relies on the rule that questions of subject matter jurisdiction may be raised at any time, even on the court's own motion. See K.S.A. 60-212(h)(3); *City of Overland Park v. Barron*, 234 Kan. 522, 524, 672 P.2d 1100 (1983). When a court lacks subject matter jurisdiction of an action, its authority extends no further than to dismiss the action. *Minter-Wilson Drilling Co. v. Randle*, 234 Kan. 624, 628, 675 P.2d 365 (1984).

Evans cites one district court opinion in another case as authority for his premise that the specificity requirements of K.S.A. 77-614(b) are jurisdictional. That opinion, however, simply assumes that the requirements of 77-614(b) are jurisdictional. The parties cite no appellate cases which consider whether the failure to plead with specificity in a petition for judicial review, as required by 77-614(b), constitutes a jurisdictional defect. Article 5 of the 1981 version of the Model State Administrative Procedure Act, which forms the basis for the Act for Judicial Review, gives no indication that failure to comply with its specificity requirement deprives the court of jurisdiction. See *Kohorst v. Iowa State Commerce Com'n*, 348 N.W.2d 619, 621 (Iowa 1984) (affirming trial court order that plaintiff amend petition to set out with specificity the agency errors alleged).

While there are no Kansas cases directly on point, decisions which examine similar pleading requirements are instructive. In particular, our Supreme Court considered a petition for libel and slander in *Rinsley v. Frydman*, 221 Kan. 297, 559 P.2d 334 (1977). Although the petition was defective because it did not specifically allege the defamatory words, the court held that the specificity requirement requires a motion for a more definite

statement under K.S.A. 60-212(e) to "give it substance and compel compliance." 221 Kan. at 302. Later, this court held that a pleading that lacks the required specificity does not give the district court full discretionary power to dismiss the action:

"While a petition alleging libel and slander must set forth the alleged defamatory words, the names of the persons to whom they were published and the time and place of their publication, a petition which fails to do so *may not be dismissed without the district court first ordering the plaintiff to plead more specific facts.*" (Emphasis added.) *Knight v. Neodesha Police Dept.*, 5 Kan. App. 2d 472, Syl. ¶ 11, 620 P.2d 837 (1980).

See *Weaver v. Frazee*, 219 Kan. 42, 50, 547 P.2d 1005 (1976); *Schulze v. Coykendall*, 218 Kan. 653, 656, 545 P.2d 392 (1976); *Barner v. Lane*, 126 Kan. 173, 176-77, 267 Pac. 1003 (1928); *Stidham v. State Bank*, 126 Kan. 336, 268 Pac. 106 (1928); *Haag v. Cooley*, 33 Kan. 387, 6 Pac. 585 (1885); *Hokanson v. Lichtor*, 5 Kan. App. 2d 802, 810, 626 P.2d 214 (1981); 61A Am. Jur. 2d, Pleading § 201, p. 198.

These cases indicate that the failure to plead with specificity has not been viewed as a jurisdictional defect. We decline to treat the specificity requirement under K.S.A. 77-614(b) as a jurisdictional rule. The procedures for obtaining a more definite statement can be used in an action for judicial review of agency actions. K.S.A. 60-201. See *U.S.D. No. 215 v. L. R. Foy Constr. Co.*, 237 Kan. 1, 5, 697 P.2d 456 (1985); *City of Lenexa v. A Maroon 1978 Chevrolet*, 15 Kan. App. 2d 333, 336, 807 P.2d 694 (1991). A defendant who fails to raise the specificity requirement of K.S.A. 77-614(b) by requesting a more definite statement waives the plaintiff's failure to plead with specificity.

In this case, Evans did not file a motion for more definite statement under K.S.A. 60-212(e). Instead, he filed an answer to the petition without even alleging a lack of specificity in the petition. Because Evans did not raise the issue of specificity in the district court, the issue of the University's compliance with 77-614(b) is not properly before us.

Evans' second argument on appeal is that the district court erred by applying the de novo standard of review. Evans contends the district court should have applied the standard set forth at

K.S.A. 77-621(c)(8) to determine whether the agency action was "unreasonable, arbitrary or capricious." Evans maintains that the statutory authority for de novo review, K.S.A. 1992 Supp. 44-556, was repealed effective October 1, 1993. L. 1993, ch. 286, § 58.

Resolution of this issue requires us to revisit the 1993 version of K.S.A. 44-556(c), which provides:

"If review is sought on any order entered under the workers compensation act prior to October 1, 1993, such review shall be in accordance with the provisions of K.S.A. 44-551 and this section, and any other applicable procedural provisions of the workers compensation act, as all such provisions existed prior to amendment by this act on July 1, 1993."

This court recently held that K.S.A. 44-556(c) "provides that review of orders issued prior to October 1, 1993, is to be conducted under the law as it was prior to July 1, 1993. It provides, by implication, that if the order was issued after October 1, 1993, the new procedure controls." *Hall v. Roadway Express, Inc.*, 19 Kan. App. 2d 935, 943, 878 P.2d 846 (1994).

Under the law as it was prior to July 1, 1993, all decisions and awards by an ALJ were subject to review by the Director. The party seeking Director's review was required to file a written request for review within 10 days after the ALJ's action. The Director's review was not a prerequisite to judicial review. K.S.A. 1992 Supp. 44-551(b). A party seeking judicial review of an agency action had 30 days to file a petition for judicial review in the district court. K.S.A. 77-613.

The July 1, 1993, amendments to the Workers Compensation Act eliminated review by the Director and judicial review in the district court. Kansas Workers Compensation Handbook § 14.09 (1994 Supp.). Decisions and awards by the ALJ are now subject to review by the Workers Compensation Board (Board). The party seeking review must file a written request for review by the Board within 10 days after the ALJ's action. K.S.A. 44-551(b)(1). A written request for review by the board is a prerequisite for judicial review. *Hall*, 19 Kan. App. 2d at 942. A party seeking judicial review has 30 days from the date of the final order of the Board to file an appeal with the Court of Appeals. K.S.A. 44-556(a).

The *Hall* decision was cited favorably in the recent Kansas Supreme Court case, *Rios v. Board of Public Utilities of Kansas City*,

256 Kan. 184, 883 P.2d 1177 (1994). *Rios* concluded: "The manner in which judicial review is accomplished under the Workers Compensation Act is governed by the date the order appealed was entered and not by the date the injuries were suffered." 256 Kan. 184, Syl. ¶ 3.

The wrinkle presented in this case is that there are two orders: the order of the ALJ, dated *before* October 1, 1993, and the order of the Director, dated *after* October 1, 1993. The question to be decided is which order should be used to determine the applicable procedure.

Interpretation of K.S.A. 44-556(c) is a question of law over which this court's review is unlimited. See *Gillespie v. Seymour*, 250 Kan. at 129. In interpreting a statute, the court must give effect to the intent of the legislature, if that intent can be ascertained. *West v. Collins*, 251 Kan. 657, Syl. ¶ 3, 840 P.2d 435 (1992).

" '[T]he legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' " *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992) (quoting *In re Marriage of Ross*, 245 Kan. 591, 594, 783 P.2d 331 [1989]).

The statutes have not limited the term "order" in such a way as to resolve the issue presented here. Prior to July 1, 1993, K.S.A. 44-549 (Ensley 1986) provided: "The award, finding, decision or order of an administrative law judge when filed in the office of the director shall be deemed to be the award, finding, decision or order of the director." Effective July 1, 1993, K.S.A. 44-549(a) provides: "The award, finding, decision or order of an administrative law judge when filed in the office of the director shall be deemed to be the final award, finding, decision or order of the administrative law judge." In short, an "order" may refer to a ruling from an ALJ, the Director, or the Board.

Evans argues that the date of the Director's decision should determine which appeal procedure applies. Under this view, the new statutory scheme would apply because the Director's decision was issued on October 12, 1993. One fallacy with this approach

is that K.S.A. 44-551 provides for Board review of ALJ decisions; there is no provision for the Board to review the Director's decisions. In addition, the new statutory scheme contains no provision at all for district court review. Evans ignores this statutory change when he contends that the district court's standard of review was changed by the 1993 amendments. Finally, the interpretation urged by Evans would mean that the University was deprived of any judicial review: To obtain review in the Court of Appeals under the new scheme, the University would have had to appeal within 10 days of the ALJ's award to a board which did not then exist.

We hold that in order to harmonize the statutory provisions and preserve the integrity and availability of the review process, the "order" referred to in K.S.A. 44-556(c) means the order of the ALJ. This conclusion is consistent with *Rios*, when one recognizes that review by the Director or the Board, respectively, is part of the appeal process. Thus, the University properly filed for review of the Director's decision in the district court, and the district court properly applied the de novo standard of review.

Affirmed.