David C. Van Parys Leavenworth County Counselor Courthouse 4th Walnut Leavenworth, Kansas 66048
Dear Mr. Van Parys:
As Leavenworth county counselor, you request our opinion concerning the application of 1995 house bill no. 2113 (HB 2113) which amended K.S.A. 1994 Supp. 79-1427a and 79-1475. L. 1995, ch. 38, secs. 1 and 2. Specifically, you pose the following question:
 "If a county appraiser discovers escaped or underreported personal property followed by the county clerk's placement of such property on the tax roles [sic] and the certification of the tax amount due by the county treasurer, all of this before July 1, 1995, are the penalties to be applied to said escaped or underreported tax to be calculated at the rates and for the time periods included in K.S.A. 79-1427a and K.S.A. 79-1475 prior to the adoption of H.B. 2113?"
HB 2113 amends the existing law as to personal property deemed to have escaped taxation by reducing the number of years (from four to two) that the county appraiser can go back following the year of discovery of escaped property to assess taxes and penalties, and reducing the level of penalty for each year for which property was escaped or underreported. Your question is whether the new 50% penalty and the new two year time limitation should be applied retroactively.
The general rule concerning retroactivity is as follows:
 "[A] statute will operate prospectively unless its language clearly indicates the legislature intended that it operate retrospectively. This rule is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties." Chiles v. State, 254 Kan. 888, 896 (1993).
We must first determine whether the amendments are substantive or merely procedural in nature. If any part of the enactment is substantive, the whole act must be viewed as substantive.Steinle v. Boeing Co., 785 F. Supp. 1434 (D.Kan. 1992).
 "`[I]n general terms, substantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress.'" State v. Chapman, 15 Kan. App. 2d 643, 646 (1991), citing State, ex rel. v. Ind. Comm., 228 N.E.2d 621 (1967).
A reduction in the amount of penalty to be assessed clearly affects the obligations of the parties and prejudicially affects the right of taxing units to collect penalties. Because the penalty provision is substantive in nature, HB 2113 may be applied retroactively only if there is a clearly expressed legislative intent to do so.
Section 1 of HB 2113 contains the following language:
 "(c) The provisions of [K.S.A. 79-1427a] shall apply to any tangible personal property discovered during the calendar years 1982, 1983, 1984 and any year thereafter to have escaped appraisal and taxation during any such year or any year within four two years next preceding any such year." (Emphasis and strike type denote amendments).
Except for the change reducing the number of years that a county appraiser may go back in assessing penalties and taxes on escaped property, the language of section 1(c) remains unchanged from the original enactment of K.S.A. 79-1427a in 1985. L. 1985, ch. 309, sec. 1.
 "[O]rdinarily language of an earlier statute, which is preserved in an amendment, is deemed to speak as of the time of the original enactment and not as of a later date." Jones v. Garrett, 192 Kan. 109, 114
(1963). See also K.S.A. 1994 Supp. 77-201 First.
Subsection (c) was originally characterized as retroactive, specifically allowing counties to subject property discovered in 1982, 1983 and 1984 (years clearly prior to its date of enactment) to taxation and penalty up to four years prior to discovery. Id. See also Minutes, Senate Committee on Assessment and Taxation, Jan. 23, 1985, and Attachment 1; Supplemental Note on SB 31, as amended by Senate Committee on Assessment and Taxation. The purpose was to correct a lapse in the ability of counties to place escaped property on the rolls for those years, the lapse being caused by the repeal of K.S.A. 79-1427.
Does this same language now cause the 1995 amendments to this statute to be retroactive? If so, it should be read to require counties to go back to 1982 to assess taxes and a 50% penalty on property discovered to have escaped taxation in that year, and for two years prior to that year. However, property discovered in those years should have been dealt with in 1985; at this point in time, there is no need to address property discovered in those years. Further, amendments to K.S.A. 79-1427a in 1987 and 1990 have not been interpreted as having retroactive effect, though the language in subsection (c) has remained unchanged. We thus do not believe it would be proper to consider this existing language as a clear indication that the legislature intended the new provisions to apply retroactively.
The legislative history of HB 2113 also does not evidence an intent that section 1(c) be read as a retroactivity provision. Rather, the initial amendments in HB 2113 as introduced were characterized by proponents as a shortening of the statute of limitations. See Minutes, House Committee on Taxation, February 1, 1995, and attachments thereto. When the bill was later amended to reduce the penalty, there was no reported discussion of retroactivity. See Minutes, House Committee on Taxation, February 3, 1995. Because HB 2113 does not clearly express legislative intent that its provisions operate retrospectively, it cannot be given retroactive effect. The more sensible interpretation of this provision is that it is a self-contained statute of limitations defining the time frame within which county assessors may seek taxes and penalties for personal property that was not included on the tax rolls.
In conclusion, any penalty assessed on escaped personal property discovered and placed on the tax rolls prior to July 1, 1995 should be collected under K.S.A. 1994 Supp. 79-1427a at the rate of 100% per calendar year within the four year statute of limitations. Any penalty assessed on escaped personal property discovered after July 1, 1995 should be assessed at the rate of 50% per calendar year for each year during which property was underreported or escaped within the two year statute of limitations set out by 1995 house bill no. 2113, section 1(c).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm