(923 P.2d 78)
No. 73,179

KERMIT KARNS, *Appellee*, v. KANSAS STATE BOARD OF AGRICULTURE, *Appellant*.

Opinion filed August 9, 1996. 

*C. William Ossman*, special assistant attorney general, for appellant.

*Russ Roe*, of Onaga, for appellee.

Before BRAZIL, C.J., LEWIS and ROYSE, JJ.

BRAZIL, C.J.: The Kansas State Board of Agriculture (KSBA or Board) filed a 16-count complaint against Kermit Karns, a crop duster, alleging violations of the Kansas Pesticide Law (KPL), K.S.A. 2-2438a *et seq.* The complaint sought the assessment of civil penalties, a refusal of Karns' pesticide business application, and a revocation of his commercial applicator certificate. The KSBA hearing officer found Karns in violation of the KPL under each count of the complaint, assessed fines against Karns totaling $13,400, and ordered that Karns' business license be denied and his certification revoked. Karns filed a petition for judicial review in Pottawatomie County District Court. The district court dismissed three counts of the original complaint, set aside the hearing officer's decision to deny Karns a business license and revoke his pesticide applicator certificate, and reduced the total civil penalties against Karns to $4,200. KSBA appeals, contending the court erred in denying its motion for change of venue; in denying its motion to dismiss Karns' petition for review for insufficiency or, in the alternative, order Karns to file a more specific petition; and in exceeding its scope of review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 *et seq.* We affirm in part and reverse in part.

KSBA contends the court erred in denying its motion for a change of venue.

In his petition for judicial review filed in the district court, Karns alleged: "Venue is proper in this Court pursuant to K.S.A. 77-609(2)(b) [*sic*] as the agency order would be effective in Pottawatomie County, Kansas." The KJRA does not require a responding party in a judicial review proceeding to file an answer, K.S.A. 77-

614(c), and no answer was filed by KSBA in this case. However, at the initial hearing before the district court on March 23, 1994, KSBA objected to venue in Pottawatomie County and requested the case be transferred to Shawnee County because all of the relevant contacts by Karns with KSBA had occurred there and all of KSBA's orders had been issued by the agency in Topeka. Karns argued that the KSBA's order would be effective where Karns conducted his business activity and that, because the bulk of his business activity took place in Pottawatomie County, venue was proper in Pottawatomie County. Following these arguments, the court entered a bench ruling denying the motion for a change of venue.

K.S.A. 77-609(b) provides for venue under the KJRA and states:

"Except as otherwise provided by K.S.A. 8-259 [drivers' licenses], 31-144 [fire safety and prevention], 44-566 [workers compensation], 72-5430a [teachers' contracts] and 74-2426 [tax appeals], and amendments thereto, venue is in the county in which the order *or agency action* is entered *or is effective* or the rule and regulation is promulgated." (Emphasis added.)

The emphasized language above was added by the legislature in 1986. L. 1986, ch. 318 § 4.

The KJRA venue provision in its original form appears to have been a narrow one. KSBA notes Professor David Ryan's analysis of venue under the KJRA shortly after its enactment:

"Venue was one of the tougher issues in the course of the legislative promulgation of the KJRA. The Judicial Council recommended several alternative venues, but it may be noted a number of state agencies voiced their concern about traveling outside Topeka. In the resulting controversy over whether to grant a broad or narrow venue for administrative appeals, the proposed Act went for many weeks without any venue provision at all between the House and Senate versions, until it was finally resolved. In its final format, venue is quite simple and pro-agency: being the 'county in which the order is entered or the rule or regulation is promulgated.' This will far more often than not be the Shawnee County District Court in Topeka." Ryan, *The New Kansas Administrative Procedure and Judicial Review Acts*, 54 J.K.B.A. 53, 65 (1985).

However, as noted above, the 1986 amendment places venue in the county in which the order or agency action is entered *or is effective*, and it requires this court to determine the legislative meaning and intent of the amendment.

The legislative history surrounding the 1986 amendment is not very enlightening. The Senate Judiciary Committee minutes accompanying the proposed change do not state the purpose behind the amendment other than that the amendments to the Act were merely "technical" in nature.

KSBA argues venue lies only in the county where an administrative order is issued and not in any county where the consequences, results, or effects of the order are felt. KSBA emphasizes that the wording of K.S.A. 77-609(b), providing venue in "the county," suggests venue is proper in a single county to the exclusion of all others.

Karns argues KSBA's interpretation of the statute is overly narrow and would have the practical effect of placing venue in Shawnee County for all administrative appeals. If such were the case, Karns argues, then the legislature could have explicitly placed venue in the Shawnee County District Court in enacting the KJRA. Karns believes that, because KSBA's order prevents him from crop dusting in all 105 counties in Kansas, venue lies in any of those 105 counties, including Pottawatomie.

Whether or not venue would lie in all 105 counties, we agree that venue would lie in those counties in which Karns has been operating. "When construing a statute, a court should give words in common usage their natural and ordinary meaning." *Bank IV Wichita v. Plein*, 250 Kan. 701, 705-06, 830 P.2d 29 (1992).

Clearly, the language in K.S.A. 77-609(b) prior to the 1986 amendment would have placed venue in this case in Shawnee County as the county in which the order was "entered." KSBA's argument would have us conclude that the 1986 amendment had no effect upon venue and that the added language "or is effective" is mere surplusage. In other words, KSBA argues that following the 1986 amendment, venue is still limited to the county in which the order is "entered."

We disagree and conclude that the obvious legislative intent in the 1986 amendment was to broaden or expand venue to include counties in which agency orders were effective. "When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment."

*Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990).

In the present case, it is uncontroverted that Karns was doing business in Pottawatomie County and that KSBA's order was intended to apply to his operations in that county. We conclude that the district court in Pottawatomie County had venue and that it did not err in denying KSBA's motion to change venue.

Next, KSBA contends the court erred in denying its oral motion to dismiss Karns' petition for failing to comply with K.S.A. 1995 Supp. 77-614(b)(5) and (6) or in the alternative to compel Karns to file a more specific petition. In conjunction with this contention, KSBA asserts the court erred in permitting Karns to argue grounds for relief which were not contained in the allegedly deficient petition.

Following the court's denial of KSBA's oral motion for a change of venue at the March 23, 1994, hearing, KSBA orally moved to dismiss the appeal on the basis that Karns' petition for review failed to comply with K.S.A. 1995 Supp. 77-614(b)(5) and (6). Under these subsections of K.S.A. 1995 Supp. 77-614(b),

"[a] petition for judicial review shall set forth:

. . . .

(5) facts to demonstrate that the petitioner is entitled to obtain judicial review; [and]

(6) the petitioner's reasons for believing that relief should be granted."

In the alternative, KSBA orally moved to require Karns to file a more specific petition meeting the requirements of K.S.A. 1995 Supp. 77-614(b)(5) and (6).

In response, Karns stated that his petition for judicial review raised two issues: (1) whether the findings of fact and conclusions of law of the hearing officer were supported by the record, and (2) whether KSBA lacked jurisdiction through its Acting Secretary to issue any orders because it was an improperly constituted decision-making body. The first issue which Karns raised was not actually contained in his petition for judicial review but was contained in his earlier petition for review submitted to KSBA. The second issue was in reference to a decision by the United States District Court for the District of Kansas which declared unconstitutional the stat-

utory method for electing members to the KSBA. See *Hellebust v. Brownback*, 824 F. Supp. 1511 (D. Kan. 1993), *aff'd* 42 F.3d 1331 (10th Cir. 1994). A new statutory scheme has since been enacted, effective May 4, 1995. See K.S.A. 1995 Supp. 74-560 *et seq.*

In response to KSBA's motion to dismiss or in the alternative for a more specific petition, the district court ruled it would assume the KSBA had jurisdiction through its Acting Secretary to issue orders unless instructed otherwise by a higher authority. In addition, the court stated: "Well, based on that limited scope of review as to whether or not the facts do support the action that was taken I will take jurisdiction of this matter and we will proceed on the pleadings that have been filed." The court later clarified, to the agreement of both parties, that the remaining issue for its review was whether or not the hearing officer's findings of fact and conclusions of law were supported by the evidence presented to the hearing officer. These rulings were journalized in a journal entry filed March 25, 1995. The remainder of the March 23, 1994, hearing centered on Karns' motion to grant a stay of the Board's order, which the court granted.

At the ensuing hearing held on April 29, 1994, KSBA again questioned the sufficiency of the petition. KSBA stated that, at the March 23 hearing, it had relied upon Karns' statement that the issue of sufficiency of the evidence was adequately contained in the petition for judicial review. After further examining the petition for judicial review following the March 23 hearing, however, KSBA discovered that sufficiency of the evidence had not been set forth as an issue. The court ruled it would allow Karns to raise the issue even though not contained in the petition because Karns had made it clear at the March 23 hearing that sufficiency of the evidence would be an issue and because KSBA had no claim of unfair surprise. KSBA contends the court erred in allowing Karns to challenge the sufficiency of the hearing officer's decision.

In *University of Kansas v. Department of Human Resources*, 20 Kan. App. 2d 354, 887 P.2d 1147 (1995), the claimant in a workers compensation case appealed a reduced award by the district court contending, in part, that the district court lacked jurisdiction to consider the matter because the employer's petition for judicial

review failed to meet the specificity requirements of the KJRA. This court noted that whether the employer's petition conformed to K.S.A. 77-614(b) was a question of law over which it had unlimited review. 20 Kan. App. 2d at 355-56. The court held: "We decline to treat the specificity requirement under K.S.A. 77-614(b) as a jurisdictional rule. The procedures [under the civil code] for obtaining a more definite statement can be used in an action for judicial review of agency actions." 20 Kan. App. 2d at 357. However, the court further held that the claimant's failure to raise the issue in the district court constituted a waiver of any failure by the employer to plead with specificity. 20 Kan. App. 2d at 357.

In the present case, KSBA did not file a motion for a more specific petition under K.S.A. 60-212(e). In fact, KSBA did not even file an answer to Karns' petition for review, as one was not required under K.S.A. 1995 Supp. 77-614(c). However, KSBA did orally move for a more specific petition at the first hearing held before the district court. In response, Karns stated that whether the findings of fact and conclusions of law of the hearing officer were supported by the record was an issue that was being raised.

An examination of Karns' petition for judicial review shows that it fails to comply with K.S.A. 1995 Supp. 77-614(b)(5) and (6)—it neither presents facts demonstrating that Karns is entitled to judicial review nor states a challenge to the sufficiency of the findings of fact and conclusions of law of the hearing officer. Under *University of Kansas v. Department of Human Resources*, however, such defects did not deprive the court of jurisdiction of the matter.

The question remains whether the court erred in allowing Karns to cure the defects in his petition through oral averments at the March 23, 1994, hearing.

The holding in *University of Kansas v. Department of Human Resources* reasons that the pleading rules for general Chapter 60 cases apply to cases under the KJRA. KSBA admitted at the April 29, 1994, hearing that it was not claiming any surprise as to the issues which Karns actually intended to raise in the district court. Rather, KSBA was merely asserting Karns' failure to comply with the specific language of K.S.A. 1995 Supp. 77-614(b) in his written petition. We find the court did not err in denying the motion to

dismiss or in failing to order Karns to file a more specific petition because KSBA had adequate notice of the issue sought to be raised by Karns.

Finally, KSBA contends that, presuming this court allows the issue of sufficiency of the evidence to be raised, the district court erred in exceeding its scope of review under K.S.A. 77-621.

K.S.A. 77-621(c) dictates the scope of review, as relevant here:

"The court shall grant relief only if it determines any one or more of the following:

. . .

(4) the agency has erroneously interpreted or applied the law;

. . .

(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act, or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious."

Under the KJRA, the party seeking to prove the invalidity of the agency action bears the burden of proof in the district court. K.S.A. 77-621(a)(1).

As we view the trial court's decision, the trial court essentially agreed with the hearing officer's factual findings with regard to counts 4, 6-11, and 14 of the Board's petition. The trial court, however, disagreed with the extent of the fines imposed by the hearing officer based upon those violations and with the hearing officer's decision to deny Karns a business license and revoke his certification. On counts 1 and 5, the trial court found some of the findings and/or conclusions of the hearing officer were supported by substantial evidence. On counts 2, 3, and 12, the trial court found the findings and/or conclusions of the hearing officer were not supported by substantial evidence.

As to counts 1, 4-11, and 14 of the petition, KSBA argues the court erred in modifying the penalties imposed by the hearing officer. As suggested by KSBA, the court essentially ruled that as to the fines, license denial, and certificate revocation, "the agency action [was] otherwise unreasonable, arbitrary or capricious." K.S.A. 77-621(c)(8).

As a preliminary matter, KSBA again seems to question whether Karns adequately specified review of this issue by the court. We have already held that Karns' petition for judicial review was sufficient. Regardless, although not stated according to the language of K.S.A. 77-621(c)(8), the prayer for relief in Karns' petition for judicial review requested that his applicator's license and privileges be reinstated and that the fine entered by the Board be substantially reduced. We find, independent of our earlier holding, that Karns adequately raised as an issue in his petition for judicial review whether the penalties ordered by the hearing officer were proper.

The hearing officer was authorized under K.S.A. 2-2449 to deny a business license to Karns and revoke his certification for failing to comply with the provisions of the KPL. Each of the civil fines assessed by the hearing officer was within the statutory limits prescribed by the legislature in K.S.A. 2-2440e and K.A.R. 4-13-62.

The rule in this jurisdiction is that a reviewing court may not substitute its judgment for that of an administrative agency. *Kansas Racing Management, Inc., v. Kansas Racing Comm'n*, 244 Kan. 343, 365, 770 P.2d 423 (1989). "A rebuttable presumption of validity attaches to all actions of an administrative agency and the burden of proving arbitrary and capricious conduct lies with the party challenging the agency's actions." 244 Kan. at 365.

At the hearing before the district court, Karns did not present any argument to show why the hearing officer's penalties were arbitrary and capricious. However, the district court, although it upheld the findings of the hearing officer regarding violations by Karns on counts 4, 6-11, and 14 and part of the findings regarding counts 1 and 5, substantially reduced the civil fines for those counts and reversed the hearing officer's denial of Karns' business license and revocation of Karns' certification. In essence, the court substituted its judgment for that of the agency and the legislature concerning the appropriate penalties for the violations without an adequate basis for doing so. Further, without reversing or modifying the civil fines imposed by the hearing officer in counts 15-17, the court found that the denial of Karns' business license and

revocation of his certification were unreasonable and unwarranted. We find the court erred in substituting its judgment for the hearing officer on these counts without an adequate basis for doing so.

As to counts 2, 3, and 12, KSBA contends the court erred in finding the hearing officer's decision was not supported by substantial competent evidence.

The KPL does not provide for de novo review in the district court of the Board's decision. K.S.A. 2-2440e(d); K.S.A. 2-2452. Rather, pursuant to the KJRA, the district court was required to determine whether the hearing officer's findings of fact were supported by substantial evidence after review of the whole agency record. K.S.A. 77-621(c)(7). "Substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion." *In re Tax Appeal of Collingwood Grain, Inc.*, 257 Kan. 237, Syl. ¶ 2, 891 P.2d 422 (1995). This court must give deference to the findings of fact by the hearing officer, which findings became a final order when the Acting Secretary of KSBA declined to review them. See *Peck v. University Residence Committee of Kansas State Univ.*, 248 Kan. 450, 455-56, 807 P.2d 652 (1991); *Kaufman v. Kansas Dept. of SRS*, 248 Kan. 951, 961-62, 811 P.2d 876 (1991).

Also, it has often been said that, under the KJRA, an appellate court exercises the same review of the agency's action as does the district court. See, *e.g.*, *Reed v. Kansas Racing Comm'n*, 253 Kan. 602, 609, 860 P.2d 684 (1993). Therefore, we must review the hearing officer's decision in the same manner as the district court, *viz.*, review the whole record and determine whether there is substantial evidence to support the hearing officer's findings of fact.

On count 2, the hearing officer found evidence of spray drift and label violations following Karns' aerial application to property farmed by Ken Caffrey on or about June 7, 1991. The district court found the hearing officer's findings of fact and conclusions of law were entirely unsupported by the evidence. As a result, the court dismissed count 2 of the complaint.

We have reviewed the record as a whole as related to count 2 of the petition and find the hearing officer's decision is supported by substantial evidence. Thus, we hold the district court erred in

reversing and modifying the penalties ordered by the hearing officer as to count 2.

On count 3, the hearing officer found that Karns had made an aerial application of a pesticide for the City of Silver Lake on or about June 12, 1991, without the required license and certification to do so. The district court found the KSBA had failed to show that Karns was even spraying within the limits of the City of Silver Lake and, therefore, dismissed count 3.

We have reviewed the record as a whole as related to count 3 of the complaint and find the hearing officer's decision is supported by substantial evidence. In particular, we find Karns' amended answer to the KSBA's original complaint on this count to contain an admission that the aerial application involved under this count occurred within the City of Silver Lake. Thus, we hold the district court erred in reversing and modifying the penalties ordered by the hearing officer as to count 3.

On count 12, the hearing officer found evidence of spray drift and label violations following Karns' aerial application of pesticide to the property of Tom Farrell on or about May 4, 1992. The hearing officer also found that Karns engaged in pest control services without a proper business license in making the application. The district court found that the facts did not support the hearing officer's conclusions and dismissed count 12 of the complaint.

We have reviewed the record as a whole as related to count 12 of the complaint and find that, although a close question, the hearing officer's decision is supported by substantial evidence. Thus, we hold the district court erred in reversing and modifying the penalties ordered by the hearing officer as to count 12.

Affirmed in part, reversed in part, and remanded for reinstatement of penalties imposed by the hearing officer in counts 1, 4-11, and 14-17.

BRAZIL, C.J., concurring: I agree with the majority's reasoning under Issues I and III and with the ultimate disposition of the case. I write separately to voice my disagreement with the majority's reasoning under Issue II.

I disagree with the majority's conclusion that the petition for judicial review is not jurisdictional. In particular, I believe that the failure to comply with the pleading requirements set forth in the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, when petitioning for judicial review cause a litigant's statutorily granted right of appeal to close. However, because I believe that Karns adequately amended his deficient petition within the appeal time, I would also hold that the district court properly exercised jurisdiction over the appeal.

The majority relies upon *University of Kansas v. Department of Human Resources*, 20 Kan. App. 2d 354, 887 P.2d 1147 (1995), for support. As the majority indicates, the holding in that case essentially adopts the standard of notice pleading found under the general civil code for the review of agency decisions. In my view, notice pleading is not the appropriate standard for appeals under the KJRA and, therefore, I believe *University of Kansas v. Department of Human Resources* was wrongly decided.

In forming its holding, the *University of Kansas v. Department of Resources* court noted that there are no Kansas cases which address this issue. The court then analogized cases under Chapter 60 which indicate that a failure to plead with specificity is not considered a jurisdictional defect. The inherent problem with such an analogy, however, is that the very issue involved is whether, pursuant to the KJRA's directive, administrative agency actions are to employ the same pleading procedures as general civil cases.

The issue is essentially one of statutory construction. The KJRA established the exclusive means of judicial review of agency action. K.S.A. 77-606. The requirements for a petition for judicial review under the KJRA are contained at K.S.A. 1995 Supp. 77-614:

"(a) A petition for judicial review shall be filed with the clerk of the court.

"(b) A petition for judicial review shall set forth:

(1) The name and mailing address of the petitioner;

(2) the name and mailing address of the agency whose action is at issue;

(3) identification of the agency action at issue, together with a duplicate copy, summary or brief description of the agency action;

(4) identification of persons who were parties in any adjudicative proceedings that led to the agency action;

(5) facts to demonstrate that the petitioner is entitled to obtain judicial review;

(6) the petitioner's reasons for believing that relief should be granted; and

(7) a request for relief, specifying the type and extent of relief requested.

"(c) Within 30 days after service on the agency or notice to other parties of the petition as provided in K.S.A. 77-615, and amendments thereto, a party to judicial review proceedings may file an answer or other responsive pleading and shall serve a copy of any such answer or pleading in the manner provided by subsection (e) of K.S.A 77-613, and amendments thereto, upon all parties to the proceedings."

In Professor Ryan's authoritative analysis of the KJRA, he states the following about the KJRA's petition for judicial review:

"Obviously, the KJRA contemplates a petition that goes beyond the simple 'notice' petition which was conceptually the cornerstone of the new Code of Civil Procedure a few decades ago in this state. The reason is quite simple. By having a universal remedy that is universally available under one form of action no matter what type of agency action is challenged, the petition itself becomes significant in terms of identifying the type of agency action challenged. It is important to know whether the agency action is basically a rule challenge or is appeal of a specific order. One reason is critical. The timeliness for filing the different types are significantly different . . . . In addition, because the remedies under K.S.A. 77-622 constitute the broad range of all remedies conceptually available, then the kind of agency action complained of need be identified as well as the kind of relief requested. In other words, specificity in pleading is necessary to provide a more manageable framework for processing the petition within this 'universal' appeal structure." Ryan, *The New Kansas Administrative Procedure and Judicial Review Acts*, 54 J.K.B.A. 53, 67 (1985).

As Professor Ryan's analysis indicates, specificity in pleading under the KJRA is necessary to give focus to the asserted agency error and to give the reviewing court a proper understanding of the type of relief sought.

Although different, the petition for judicial review under the KJRA serves a similar function to the notice of appeal in general civil cases. In such cases, it has long been the rule that our appellate courts lack jurisdiction to consider rulings which are not identified in the notice of appeal. See *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, Syl. ¶ 1, 869 P.2d 598 (1994); *State v. Marble*, 21 Kan. App. 2d 509, 519, 901 P.2d 521, *rev. denied* 258 Kan. 861 (1995).

Unfortunately, Karns' petition for review was bereft of any meaningful "reasons for believing that relief should be granted,"

K.S.A. 1995 Supp. 77-614(b)(6), aside from a general allegation that the Board lacked jurisdiction or authority to enter an order in the matter. In my view, Karns' failure to specify any other reasons why the district court should grant him relief would, normally, render the district court without jurisdiction to consider any issues beyond the jurisdictional issue raised.

However, the facts in the present case show that, ultimately, Karns did comply with the requirement of specificity in pleading. At the March 23, 1994, hearing, Karns made both the KSBA and the reviewing court aware that he was challenging the sufficiency of the hearing officer's findings of fact and conclusions of law. Importantly, Karns asserted this claim well before the 30-day time period for filing the petition for judicial review had run from service of the agency's order of March 4, 1994. See K.S.A. 1995 Supp. 77-613. Thus, I would find that Karns sufficiently amended his petition for judicial review through his oral averments at the March 23 hearing and, therefore, the court had jurisdiction to consider the sufficiency of the agency's order.