(197 P.3d 874)
No. 99,564

BUCKLEY AUSTIN KUENSTLER, *Appellant*, v. KANSAS
DEPARTMENT OF REVENUE, *Appellee*.

Opinion filed December 19, 2008.

*John M. Lindner*, of Lindner & Marquez, of Garden City, for appellant.

*James G. Keller*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before McANANY, P.J., GREEN and BUSER, JJ.

GREEN, J.: Buckley Kuenstler appeals from the trial court's judgment dismissing his petition for review of an administrative ruling by the Kansas Department of Revenue (KDR). The KDR's ruling suspended Kuenstler's driving privileges. First, Kuenstler argues that the trial court erred in determining that it lacked subject matter jurisdiction because his petition failed to comply with K.S.A. 77-614(b)(5). We disagree. Because Kuenstler failed to state facts sufficient to demonstrate that he was entitled to obtain judicial review under K.S.A. 77-614(b)(5), we determine that the trial court properly dismissed Kuenstler's petition for review of KDR's ruling. Finally, Kuenstler argues that the trial court erred in denying his motion to amend his original petition and to relate the amendment back under K.S.A. 60-215(c) to cure the alleged deficiencies in his original petition. We again disagree. Because Kuenstler failed to comply with the pleading requirements of K.S.A. 77-614(b) within the statutory time period for filing his petition for review, the trial court did not have subject matter jurisdiction over the matter. Kuenstler's untimely attempt to comply with K.S.A. 77-614(b) by amending his petition could not remedy his failure to establish subject matter jurisdiction within the statutory time period. Accordingly, we affirm.

In June 2005, Kuenstler was stopped for an improper turn and for failing to maintain his lane of travel. According to the officer's certification and notice of suspension, Kuenstler exhibited several signs of intoxication during the stop, including the smell of alcoholic beverages, the failure of field sobriety tests, the bloodshot eyes, the poor balance or coordination, and the admission that alcohol or drugs had been consumed. Kuenstler submitted to an Intoxilyzer 5000 breath-alcohol test, which registered a breath-alcohol concentration level of .098.

The KDR suspended Kuenstler's driving privileges. After an administrative hearing, the KDR administrative hearing officer affirmed the suspension of Kuenstler's driving privileges. Kuenstler filed a petition for judicial review of the KDR's decision with the trial court. The KDR filed an answer alleging as an affirmative

defense that Kuenstler failed to state a claim on which relief could be granted by not strictly complying with K.S.A. 77-614(b) and K.S.A. 8-1020(o).

The KDR later moved to dismiss the case for lack of subject matter jurisdiction. The KDR argued that Kuenstler's petition did not give focus to the alleged agency error, as required by K.S.A. 77-614(b) and *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 148 P.3d 538 (2006), and that Kuenstler had failed to exhaust his administrative remedies on one of the issues. In response to the KDR's motion to dismiss, Kuenstler argued that his petition for review was sufficient. In the alternative, however, Kuenstler moved to amend his petition to be more fact specific and to relate back to his original petition for review under K.S.A. 60-215(a) and (c).

In a written memorandum decision, the trial court determined that Kuenstler had failed to comply with K.S.A. 77-614(b)(5), which requires that the petition set forth facts demonstrating the petitioner's entitlement to relief. The trial court stated that Kuenstler's petition was "devoid of any facts that would tend to demonstrate or indicate with any specificity the issues to be presented." Moreover, the trial court found that an amendment of Kuenstler's pleadings would not suffice to grant the court subject matter jurisdiction. Accordingly, the trial court granted the KDR's motion to dismiss based on lack of subject matter jurisdiction.

*Subject Matter Jurisdiction*

On appeal, Kuenstler first argues that the trial court erred in dismissing his petition for lack of subject matter jurisdiction. Subject matter jurisdiction is vested by statute and establishes a court's authority to hear and decide a particular type of action. *Bruch*, 282 Kan. at 773-74. The issue of subject matter jurisdiction and the associated issue of statutory interpretation present questions of law over which an appellate court's review is unlimited. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 371, 130 P.3d 560 (2006).

Under K.S.A. 2007 Supp. 8-259(a), the suspension of a person's driving privileges is subject to review. K.S.A. 2007 Supp. 8-1020(o) allows a licensee to file a petition for review of the administrative hearing order under K.S.A. 2007 Supp. 8-259. The review "shall

be in accordance with the act for judicial review and civil enforcement of agency actions [KJRA]." K.S.A. 2007 Supp. 8-259(a).

A petition for review under K.S.A. 2007 Supp. 8-259 requires more than notice pleading; the petition must strictly comply with the pleading requirements of K.S.A. 77-614(b). *Bruch,* 282 Kan. at 787. K.S.A. 77-614(b)(5) requires that the petition include "facts to demonstrate that the petitioner is entitled to obtain judicial review." An additional related requirement is contained in K.S.A. 77-614(b)(6), which requires that the petition include "the petitioner's reasons for believing that relief should be granted."

In determining that Kuenstler's petition did not meet the pleading requirements of K.S.A. 77-614(b)(5), the trial court relied on our Supreme Court's decision in *Bruch.* In *Bruch,* the appellant's petition for review of the KDR's ruling generally alleged that his driver's license suspension should be vacated for the following reasons:

" '7. That the order suspending plaintiff's driving privileges should be vacated by this Court because the officer lacked reasonable suspicion to begin a DUI investigation; the office[r] lacked probable cause to arrest plaintiff; that plaintiff's due process rights were violated because he was not allowed to subpoena relevant witnesses to his administrative hearing; that plaintiff also seeks review of all issues raised before the administrative hearing officer at the October 7, 2004, hearing.' " 282 Kan. at 767.

At the bench trial, the appellant in *Bruch* raised specific issues concerning the admissibility of his preliminary breath test (PBT). The trial court dismissed the appellant's petition for lack of subject matter jurisdiction. The trial court found that the appellant had failed to allege sufficient facts in his petition to raise the PBT issue and that the issue had not been litigated by the appellant at the administrative hearing.

On appeal, our Supreme Court in *Bruch* determined that the trial court had correctly dismissed the appellant's petition due to his failure to strictly comply with the requirements of K.S.A. 77-614(b). Our Supreme Court in *Bruch* recognized that " 'specificity in pleading under the KJRA is necessary to give focus to the asserted agency error and to give the reviewing court a proper understanding of the type of relief sought.' " 282 Kan. at 782 (citing

*Pittsburg State University v. Kansas Bd. of Regents*, 30 Kan. App. 2d 37, 45, 36 P.3d 853 [2001], *rev. denied* 273 Kan. 1036 [2002]). Our Supreme Court noted that there was nothing in the appellant's petition for review that indicated he intended to raise the PBT issues that he raised at the hearing before the trial court. Determining that the appellant's issue of "probable cause to arrest" contained in his petition was too broad to give the trial court any focus on the agency error to be reviewed, our Supreme Court stated:

"Bruch's argument that these issues fell under the broad umbrella of the 'probable cause' to arrest issue is without merit. 'Probable cause to arrest,' even if taken as the reviewable issue of whether there were 'reasonable grounds' to believe the licensee was DUI, is far too expansive of an issue, as it could include any number of arguments. [Citation omitted.] Bruch's broad statement concerning probable cause does not provide the department or the district court with any focus on the agency error to be addressed at trial." 282 Kan. at 786.

As a result, our Supreme Court affirmed the trial court's dismissal of the appellant's petition for lack of subject matter jurisdiction.

Here, as in *Bruch*, Kuenstler's petition for judicial review set forth broad allegations that failed to strictly comply with the requirements of K.S.A. 77-614(b). Specifically, Kuenstler's petition for judicial review provided in relevant part:

"5. Plaintiff is entitled to judicial review as provided by the statutes of the State of Kansas for the following reasons: There was insufficient reasonable suspicion or probable cause for the stop of Plaintiff's vehicle; there was insufficient probable cause for the arrest of Plaintiff; protocol, procedure and statutory requirements were violated prior to and during administration of the Intoxilyzer 5000 test.

"6. Plaintiff believes that relief should be granted to him because of the reasons stated in paragraph 5 hereof.

"7. Plaintiff requests that the suspension order of August 17th, 2005, be vacated and that his driving privileges be restored."

As stated earlier, under K.S.A. 77-614(b)(5), the body of the petition must set forth "facts to demonstrate that the petitioner is entitled to obtain judicial review." Here, Kuenstler alleged that "[t]here was insufficient reasonable suspicion or probable cause for the stop of Plaintiff's vehicle; there was insufficient probable cause for the arrest of Plaintiff; protocol, procedure and statutory requirements were violated prior to and during administration of

the Intoxilyzer 5000 test." Were these allegations of fact? Or were they conclusions? Moreover, if they were conclusions, and not facts, were they conclusions of fact or conclusions of law? Here, Kuenstler's allegations were legal conclusions.

In a defense based upon a lack of reasonable suspicion or probable cause, it is not sufficient to allege the mere happening of the car stop and call it a lack of reasonable suspicion or probable cause for the car stop on the part of the arresting officer. This is necessarily so because insufficient reasonable suspicion or probable cause for an officer to stop someone's car is not a fact, but it is the legal result based on certain facts. The phrase "reasonable suspicion to stop a vehicle" has a legal meaning. See *State v. Field*, 252 Kan. 657, 664-65, 847 P.2d 1280 (1993) ("[T]he determination of whether an officer has reasonable suspicion to stop a vehicle is a question of law, or in some cases a mixed question of law and fact, for the appellate court to determine under the totality of the facts and circumstances.").

In addition, Kuenstler alleged, as part of a single sentence, that "there was insufficient probable cause for the arrest of Plaintiff." This phrase also has a legal meaning based on the result of certain facts. See *State v. Hopper*, 260 Kan. 66, 68-69, 917 P.2d 872 (1996) (An appellate court's review of the trial court's determination of whether an officer had probable cause to make a warrantless arrest in a DUI case is a mixed question of law and fact.). Again, Kuenstler's petition states no facts upon which this legal conclusion is based.

Kuenstler's first two allegations do not disclose what occurred, when it occurred, where it occurred, who did what, or any other factual information that describes the circumstances of the alleged wrongful conduct of the arresting officer. K.S.A. 77-614(b)(5) requires the petitioner to distinguish between facts and legal conclusions and plead only facts showing that the petitioner is entitled to judicial review. Kuenstler's first two allegations fall short of this minimum standard.

Finally, in Kuenstler's last allegation, he alleged that the "protocol procedure, and statutory requirements were violated before and during the Intoxilyzer 5000 breath test." This allegation, also,

was a legal conclusion. The problem with this allegation is that it alleges no facts describing in what way the arresting officer violated the protocol, procedure, and statutory requirements before and during the administration of the Intoxilyzer 5000 test. As a result, this allegation merely asserts a legal conclusion. Here, there is no factual basis to show that Kuenstler is entitled to judicial review.

Nevertheless, Kuenstler argues that he should not be required to be any more specific in his petition for review than the KDR administrative hearing record. Kuenstler points out that the KDR's administrative hearing notes outline the issues he raised as follows: (1) "No P.C. to stop"; (2) "No P.C. to arrest"; and (3) "Protocol not followed on intox." In addition, the administrative hearing notes contain the following entry: "Attorney Proffers—There was no P.C. to stop. No reasonable articulable suspicion. There was no reason to arrest."

To accept Kuenstler's argument, this court would have to ignore the plain language of K.S.A. 77-614(b) and our Supreme Court's interpretation of the statute. K.S.A. 77-614(b)(5) and (6) place strict requirements on the petitioner to plead facts demonstrating that he or she is entitled to obtain judicial review and to plead the reasons for believing that relief should be granted. As the petitioner seeking review of the KDR's administrative ruling, Kuenstler had the burden to strictly comply with K.S.A. 77-614(b).

In adopting the strict compliance standard for petitions filed under K.S.A. 77-614(b), our Supreme Court in *Bruch* quoted *Kohorst v. Iowa State Commerce Com'n*, 348 N.W.2d 619, 621 (Iowa 1984). The *Kohorst* court explained why such a stringent pleading requirement should be followed in proceedings for judicial review of agency action:

" 'Unlike an original action where the issues may develop and change in the course of presenting evidence and making proof, the proof is not susceptible to change in the appellate process. Moreover, an opposing party is entitled to know the exact nature of the claimed errors, and each error must be separately and distinctly stated so an opponent can adequately prepare and respond to the issues being reviewed. [Citation omitted.]' " 282 Kan. at 780 (quoting *Kohorst*, 348 N.W.2d at 621).

Similarly, a petitioner's strict compliance with K.S.A. 77-614(b) gives the opposing party sufficient notice of the exact nature of the

claimed errors in order to avoid surprise at the trial. Moreover, notice of the claimed errors allows the opposing party to adequately prepare its response and to determine what evidence and witnesses need to be presented to support its position. In addition, the strict compliance standard allows a court reviewing the pleadings to determine the exact nature of the claimed agency errors to be decided. Moreover, the strict compliance standard permits the court to declare the law upon the facts stated. The court cannot do so if mere legal conclusions are stated. Finally, the petition for judicial review serves as a permanent record in the case and as a basis for res judicata in later proceedings.

Here, the language in Kuenstler's petition for judicial review was insufficient to meet the strict pleading requirements of K.S.A. 77-614(b)(5) and (6). As the trial court aptly stated in its memorandum decision, "Other than a bare assertion of issues, there were no facts set forth in the petition to demonstrate entitlement to relief." Moreover, Kuenstler failed to plead the specific reasons why relief should be granted. We determine that the trial court properly determined that Kuenstler's failure to comply with the strict pleading requirements of K.S.A. 77-614(b) deprived it of subject matter jurisdiction.

*Amendment of Petition*

Finally, Kuenstler argues that the trial court erred in determining that his amended petition could not relate back under K.S.A. 60-215(c) to cure any claimed deficiencies in his original petition. On the other hand, the KDR argues that Kuenstler's failure to strictly comply with the requirements of K.S.A. 77-614(b) within the 10-day statutory period for filing his petition for review deprived the trial court of subject matter jurisdiction. As a result, the KDR maintains that the trial court did not have jurisdiction to allow Kuenstler to amend his petition.

Kuenstler's argument requires interpretation of statutes. The interpretation of a statute presents a question of law over which an appellate court's review is unlimited. *Genesis Health Club, Inc. v. City of Wichita*, 285 Kan. 1021, 1031, 181 P.3d 549 (2008).

Here, Kuenstler filed his original petition in August 2005. In September 2007, after the KDR moved to dismiss the case, Kuenstler moved to amend his petition to relate back under K.S.A. 60-215(a) and (c). Attached to Kuenstler's motion was an amended petition for review that contained additional facts and specified the particular issues that Kuenstler wished to raise.

As pointed out by Kuenstler, K.S.A. 77-603(b) states that the KJRA " 'creates only procedural rights and imposes only procedural duties. They are in addition to those created and imposed by other statutes.' " 30 Kan. App. 2d at 39. Moreover, K.S.A. 60-201 states the scope of Chapter 60: "This article governs the procedure in the district courts of Kansas, other than actions commenced under the Code of Civil Procedure for Limited Actions and governs the procedure in all original proceedings in the supreme court in all suits of a civil nature whether cognizable as cases at law or in equity, except as provided by K.S.A. 60-265, and amendments thereto."

K.S.A. 60-215, which is the section in the Code of Civil Procedure that governs the procedure for amending and supplementing pleadings, states in relevant part:

"(a) *Amendments.* A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

. . . .

"(c) *Relation back of amendments.* An amendment of a pleading relates back to the date of the original pleading when:

(1) The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

In denying Kuenstler's motion to amend his petition and to relate the amendment back to his original pleading, under K.S.A. 60-215(c), the trial court relied on *Pittsburg State University*, 30 Kan. App. 2d 37, and *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88, 106 P.3d 492 (2005). The trial court determined that

Kuenstler was required to file a petition for review that met the strict pleading requirements of K.S.A. 77-614(b) within the statutory time period and that he could not later cure jurisdictional deficiencies by amending his petition.

In *Pittsburg State University*, this court considered whether the petition for judicial review was sufficient to confer jurisdiction under K.S.A. 77-614(b) when it failed to name the agency, Public Employee Relations Board (PERB), in the case caption and named the Kansas Department of Human Resources (KDHR) as the respondent agency and listed the KDHR's mailing address. The trial court had denied the appellant's motion to amend the case caption, determining that the failure to name the proper agency was fatal to jurisdiction. On appeal, the appellant argued that it should have been allowed to amend the petition to add PERB to the case caption.

This court found that "[a] petition for judicial review of an agency action is jurisdictional," and the "[f]ailure to comply with the pleading requirements set forth in K.S.A. 77-614(b) precludes a litigant's statutorily granted right of appeal." 30 Kan. App. 2d 37, Syl. ¶ 3. Nevertheless, nothing in K.S.A. 77-614(b) or in the KJRA requires a case caption. This court determined that because a case caption is a logical necessity, K.S.A. 60-210(a) supplements the KJRA and provides the rule for a case caption in a petition for judicial review of an agency action. Recognizing that a trial court could grant leave to amend the case caption because it was not one of the pleading requirements set forth in K.S.A. 77-614(b), this court stated:

"[W]hile K.S.A. 2000 Supp. 60-215(a) may not allow a petitioner to amend, for example, an item of a pleading strictly required by K.S.A. 77-614(b), the KJRA does not have a case caption requirement. As such, a strict compliance rule does not apply to the case caption and, under K.S.A. 2000 Supp. 60-215(a), the trial court may grant leave to amend the case caption of a petition for judicial review of any agency action if the amendment is in the interest of justice." 30 Kan. App. 2d at 41.

As a result, this court determined that the appellant should have been allowed to amend the case caption under K.S.A. 60-215(a).

Our Supreme Court in *Pieren-Abbott*, 279 Kan. at 97, adopted the holding from *Pittsburg State University* that "the Code of Civil Procedure may be used by the district court to supplement the KJRA if the provision is a logical necessity that is not addressed within the KJRA."

Here, unlike the facts of *Pittsburg State University*, the amendments requested by Kuenstler were directly addressed by the KJRA. Kuenstler moved to amend an item strictly required by K.S.A. 77-614(b). As a result, the rule from *Pittsburg State University* and *Pieren-Abbott* that the trial court may use the Code of Civil Procedure to supplement the KJRA "if the provision is a logical necessity that is not addressed within the KJRA" has no application here.

Nevertheless, arguing that his requested amendment should relate back to his original petition, Kuenstler cites *University of Kansas v. Department of Human Resources*, 20 Kan. App. 2d 354, 887 P.2d 1147 (1995), and *Karns v. Kansas Bd. of Agriculture*, 22 Kan. App. 2d 739, 923 P.2d 78 (1996). Both *University of Kansas* and *Karns* held that the specificity requirement under K.S.A. 77-614(b) was not a jurisdictional rule. Relying on *University of Kansas*, *Karns* held that the petitioner's failure to comply with K.S.A. 77-614(b)(5) and (6) did not deprive the court of jurisdiction of the matter. 22 Kan. App. 2d at 744.

This court in *Pittsburg State University*, however, rejected the decision in *University of Kansas*, which was relied on in *Karns*: "We reject the holding in *University of Kansas* that the petition for judicial review is not jurisdictional. Instead, we hold that the failure to comply with the pleading requirements set forth in K.S.A. 77-614(b) precludes a litigant's statutorily granted right of appeal." 30 Kan. App. 2d at 46. Later, in *Bruch*, our Supreme Court followed the rule in *Pittsburg State University* when it held that "[a] petition for judicial review of an agency action is jurisdictional and the failure to comply with the pleading requirements set forth in K.S.A. 77-614(b) precludes a litigant's statutorily granted right of appeal." 282 Kan. 764, Syl. ¶ 2. As discussed previously, our Supreme Court in *Bruch* determined that the appellant failed to strictly comply with K.S.A. 77-614(b) and that the trial court cor-

rectly dismissed his petition for lack of subject matter jurisdiction. 282 Kan. at 787.

Here, Kuenstler failed to comply with the specific pleading requirements of K.S.A. 77-614(b) in his original petition. In his requested amendment, Kuenstler attempted to add facts that would demonstrate his entitlement to relief and particular reasons for why relief should be granted, items that were specifically required by K.S.A. 77-614(b)(5) and (6). Nevertheless, Kuenstler requested those amendments well outside of the 10-day statutory time period for filing his petition under K.S.A. 2007 Supp. 8-1020(p). We agree with the trial court that a petition in compliance with K.S.A. 77-614 must be filed within the statutory time period to give the trial court subject matter jurisdiction. We further agree that the relation back provisions under the Code of Civil Procedure cannot operate to cure the trial court's lack of subject matter jurisdiction in an administrative action.

As pointed out by the KDR, the Indiana Court of Appeals reached a similar result in *Commissioner v. Bethlehem Steel Corp.*, 703 N.E.2d 680 (Ind. App. 1998), which case was referred to in *Bruch*. In *Bethlehem*, the petitioner failed to meet several statutory requirements for its petition for judicial review of a final administrative order. The court held that due to the petitioner's failure to meet the statutory requirements, the trial court never obtained jurisdiction over the case. 703 N.E.2d at 683. In addressing the petitioner's argument that it should be allowed to file an amendment to the petition, the *Bethlehem* court quoted *Hoosier Environmental Council v. DNR*, 673 N.E.2d 811, 815-16 (Ind. App. 1996):

" 'Permitting a party to amend an otherwise noncompliant petition, after the thirty-day period has elapsed, would make the thirty day requirement ineffective. . . . Although the unverified petition was timely filed, at the time HEC sought to amend its petition, the thirty day period had expired. As such, HEC's amended petition could not "relate back" to the initial petition, because "there [being] no timely filing, there is nothing which an amended pleading could relate back to." ' " 703 N.E.2d at 683.

As a result, the *Bethlehem* court held that the petitioner could not file an untimely amendment to satisfy statutory pleading requirements.

Similarly, Kuenstler's failure to strictly comply with the requirements of K.S.A. 77-614(b) within the statutory period for filing his petition was a jurisdictional defect that rendered the trial court without subject matter jurisdiction and precluded his statutorily granted right of appeal. Kuenstler cannot circumvent the strict pleading requirements of K.S.A. 77-614(b) by using K.S.A. 60-215(c) to amend his petition more than 2 years after the statutory time period for filing his petition has expired.

Affirmed.