NOT DESIGNATED FOR PUBLICATION

No. 121,551

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

HEATHER R. CUNNINGHAM,
*Appellant*,

v.

JEFF ANDERSEN, SECRETARY, and KANSAS DEPARTMENT OF HEALTH AND
ENVIRONMENT,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed August 7, 2020.
Affirmed.

*Alan V. Johnson*, of Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C., of Topeka, for
appellant.

*Eugene Lueger*, of Kansas Department of Health and Environment, for appellee.

Before HILL, P.J., GREEN and WARNER, JJ.

PER CURIAM: In this appeal, Heather Cunningham tries to attack the action of the
Department for Children and Families in an appeal of a Kansas Department of Health and
Environment ruling. Such collateral attacks of agency actions cannot succeed. The
Legislature has created state agencies with limited authority and limited powers. State
agencies cannot exceed their limited purposes. Simply put, one agency cannot overrule or
amend another agency's holdings. We will refer to the agency that revoked Cunningham's

1

license as KDHE and the agency that substantiated her son as a perpetrator of sexual abuse as DCF.

After KDHE revoked Cunningham's license to operate a day care facility in her home, she pursued administrative remedies to restore her license. One of the reasons for the revocation was that her son had been substantiated as a child abuser by DCF and his name appeared on the registry of such perpetrators. To the KDHE, Cunningham claimed a due process violation by DCF because of improper notice; thus, the substantiation was invalid. She did not succeed. She then sought judicial review in the district court and demanded declaratory and injunctive relief under 42 U.S.C. § 1983 from the agency, as well as Secretary Andersen for a constitutional violation by KDHE and its Secretary. The district court dismissed her petition.

In our view, this collateral attack cannot succeed since one state agency cannot amend or overrule another agency's action. The place to attack a DCF action is an administrative appeal of that action. Cunningham's own actions of concealing the notice of substantiation sent to her son in her care by DCF prevented such an appeal. The district court properly denied Cunningham administrative relief and correctly dismissed her §1983 claims. We affirm.

*We begin with her day care license.*

In October 2017, KDHE notified Cunningham that it intended to revoke her license to operate an in-home day care facility. It alleged that Cunningham was violating several statutes and regulations that govern day care homes. The specific allegations focused on:
- the lack of records for each person living, working, or volunteering at the house regarding certain communicable diseases and other required logistical information;

2

- the improper storage of household cleaning and body care products that were not stored out of reach of children;
- the use of the basement for childcare purposes without any written documentation of approval regarding its fire safety;
- a lack of required documented provider training for signs of child abuse, neglect, and basic child development;
- the children were not supervised by a provider who was responsible for the children's health, safety, and wellbeing, and there was inadequate supervision to prevent sexual abuse when a resident of the day care home inappropriately touched a child in its care; and
- Cunningham failed to give all reasonable information to KDHE's authorized agent to complete an ongoing complaint investigation.

The notice also alleged that a resident of the group day care home was substantiated by DCF for sexual abuse. Later, in an amended notice, KDHE added specific details about the DCF substantiation of this resident of the home—Cunningham's teenage son, T.C.—as having sexually abused a child. The amendment specified that T.C.'s name appeared on the Kansas Child Abuse/Neglect Central Registry.

*We turn to DCF's substantiation of T.C. as a sexual abuser.*

About six months earlier, the parents of one of the children attending Cunningham's in-home day care filed a complaint with DCF alleging that T.C. sexually abused their daughter. Following an investigation, in August 2017, DCF issued a notice of its findings "TO [T.C.] c/o Heather and Michael Cunningham" at his home address. This notice stated that the claim of sexual abuse of the child by T.C. was substantiated, but that T.C. had the right to appeal the decision in writing within 30 days. Failure to appeal would result in T.C.'s name being placed on the Kansas Child Abuse/Neglect Central Registry.

The notice also cited K.S.A. 65-516 and explained that "no person shall knowingly maintain a licensed child care or residential facility if there resides . . . any person who is listed in the child abuse registry as . . . substantiated for child abuse or neglect." The DCF notice also explained that notice of the substantiation would be provided to KDHE.

Cunningham received the DCF substantiation notice. But she did not give the notice to T.C. nor did she discuss its contents with him—including his right to appeal or the consequences for failing to appeal. Cunningham understood that the consequences for T.C.'s name being placed on the registry were either that her son could no longer live in the home, or she would have to discontinue operating her in-home day care. Neither T.C. nor Cunningham, as his parent, appealed the DCF determination. DCF sent confirmation to KDHE in November 2017 that T.C.'s name was on the registry as a person substantiated for abuse or neglect.

*Cunningham seeks administrative restoration of her license.*

After receiving KDHE's notice of intent to revoke her license, Cunningham requested an administrative hearing. She claimed in her response that T.C.'s due process rights were violated because he did not receive DCF's notice substantiating him as a sexual abuser and advising him of his right to appeal. She requested that her license not be revoked as a result of T.C.'s name being placed on the registry.

In due course, the administrative law judge granted KDHE's motion for summary judgment and issued an initial order to revoke Cunningham's license. The administrative law judge found several statutory and regulatory violations. The findings included one that T.C. was substantiated as a perpetrator of sexual abuse of a child. The administrative law judge concluded that K.S.A. 65-516(a)(4) prohibited Cunningham from operating her

4

in-home day care. Thus, the administrative law judge affirmed KDHE's decision to revoke Cunningham's license.

Cunningham petitioned for review to the Secretary of KDHE. But when she failed to specify a basis for review as directed by K.S.A. 77-527(c), the Secretary denied her petition and adopted the initial order as the final order. She then asked the Secretary for reconsideration. This time Cunningham argued that the DCF substantiation was void and claimed that KDHE consequently had no basis in law or fact to issue its notice of intent to revoke her license. Cunningham also claimed that the administrative law judge failed to address in the initial order the voidability of DCF's substantiation of T.C. as a sexual abuser. Again, Cunningham did not address the other grounds for revocation specified in KDHE's notice of intent to revoke.

Finding that the initial order was appropriate, the Secretary denied Cunningham's petition for reconsideration. The Secretary again noted that her petition for review did not comply with K.S.A. 77-527(c), because it failed to state a basis for review. The Secretary also found that Cunningham's complaints regarding due process in the DCF proceeding could not be resolved in an administrative action before KDHE. The Secretary again adopted the initial order as final.

*Cunningham comes to court.*

In Cunningham's petition in district court, she claimed that KDHE's action in revoking her license to operate a group day care home was unconstitutional on its face and deprived her of her constitutional rights of due process and family association. She also claimed that KDHE failed to decide an issue requiring resolution and erroneously interpreted and applied the law. Cunningham also claimed that KDHE's actions were "based on determinations of fact that [were] not supported by substantial evidence," and were unreasonable, arbitrary, or capricious.

5

She added Secretary Jeff Andersen in his official capacity to her lawsuit. She sought to make a claim against Andersen under 42 U.S.C. § 1983. She maintained that Andersen violated T.C.'s due process rights because he failed to declare the DCF substantiation void and unenforceable. She also alleged Andersen violated *her* due process rights and her constitutional right of family association. Cunningham did not address the other grounds for revocation specified in KDHE's notice of intent to revoke.

In response, KDHE argued that Cunningham's collateral attack on DCF's substantiation of T.C. as a sexual abuser did not have a basis in fact or law. KDHE argued that the revocation of Cunningham's license to operate a group day care home was valid because—at all times—KDHE acted within its statutory authority.

*The court denied relief.*

In an insightful and comprehensive memorandum opinion and order, the court denied Cunningham any relief. The district court first noted that KDHE's notice of intent to revoke listed "a number of alleged violations of statutes and regulations," including the allegation that a resident of the home was substantiated for sexual abuse by DCF. Her license was revoked for more reasons than just the substantiation of T.C. as a perpetrator of sexual abuse.

The court then noted that T.C. was not a party to the KDHE action on Cunningham's license, and KDHE did not substantiate him for sexual abuse. The district court was not persuaded by Cunningham's argument that one agency could void the action of another agency. The court found that KDHE correctly determined it could not void DCF's finding. Thus, KDHE's revocation of Cunningham's license was not unconstitutional.

After that, the court also found that Cunningham failed to show that Andersen deprived her of her constitutional rights because she failed to explain how Andersen had the power to disregard the final order of another agency or a state statute designed to protect children.

To us, Cunningham raises two issues. First, KDHE's revocation of her license to operate a group day care home was unconstitutional "as applied" because:

- DCF's notice to T.C. that he was substantiated as a sexual abuser "failed to meet the requirements of due process"; and
- DCF's substantiation is consequently void and cannot then serve as the basis for KDHE's decision to revoke her license.

Second, she contends that Secretary Andersen denied her constitutional right of due process, in violation of 42 U.S.C. § 1983, when he revoked her license because that revocation deprived her of a liberty interest in familial association and companionship and deprived her of a property interest in her license. She also argues that Andersen relied on the DCF finding in revoking her license, so the due process violations committed by DCF "unconstitutionally tainted Secretary Anders[e]n's revocation of [her] license to operate a group day care home."

*Do we have jurisdiction?*

The KDHE contends that we lack jurisdiction to consider either of Cunningham's two issues on appeal. In KDHE's view, because Cunningham failed to specify a basis for review in her initial petition for review of the administrative law judge's order to the Secretary, her issues were not preserved for judicial review. In response, Cunningham contends that any defect in her petition for review was cured by her petition for reconsideration. In that petition, she specifically renewed her due process arguments.

7

The law of appellate jurisdiction is well settled. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). In most cases, petitions for review are jurisdictional, and failure to comply with pleading requirements precludes a right to appeal. See *Kuenstler v. Kansas Dept. of Revenue*, 40 Kan. App. 2d 1036, 1039, 197 P.3d 874 (2008).

With some exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). Generally, administrative remedies must be exhausted before judicial review is permissible. *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 752, 199 P.3d 781 (2009). Whether a party must or has failed to exhaust its administrative remedies is a question of law over which the appellate court's review is unlimited. *Consumer Law Associates v. Stork*, 47 Kan. App. 2d 208, 213, 276 P.3d 226 (2012).

KDHE presses an administrative procedure point. Under K.S.A. 77-527(c), a petition for review of an initial order "shall state its basis." Cunningham's petition for review stated in its entirety, "Pursuant to K.S.A. 77-527. The Respondent, Heather's Day Care Home, hereby files this Petition for Review of the Initial Order entered on or about March 5, 2018." In denying her petition, the Secretary cited the statute and found Cunningham disregarded its requirement to state a basis for review.

To us, Cunningham claims that it is not that simple. Because K.S.A. 77-526(b) states that an initial order becomes final when not challenged by a proper petition for review, she had to file her petition for review. Indeed, that statute states, "[i]f the presiding officer is [not] the agency head . . . the presiding officer shall render an initial order, which becomes a final order *unless reviewed in accordance with K.S.A. 77-527*

8

. . . ." (Emphasis added.) K.S.A. 77-526(b). Cunningham's citation to K.S.A. 77-526(b) does not support her argument that she preserved her issues for judicial review.

Here, the administrative law judge's initial order did not become final because Cunningham timely petitioned for review under K.S.A. 77-527. See K.S.A. 77-527(b). But when the Secretary reviewed that petition, he found it did not comply with K.S.A. 77-527(c) because it did not state a basis for review. The Secretary then denied the petition and adopted the initial order as final. The Secretary's ruling appears to be proper.

But the argument does not end there. Cunningham contends that her petition for reconsideration under K.S.A. 77-529(a)(1) saves her appeal. In that petition she reiterated her argument that DCF violated T.C.'s right to due process and raised a new complaint that the administrative law judge failed to address the voidability of the DCF substantiation. This petition then cured any defects in her petition for review of the initial order and preserved *those specific grounds* for judicial review.

Cunningham relies on *In re Tax Exemption Application of Strother Field Airport*, 46 Kan. App. 2d 316, 320-21, 263 P.3d 182 (2011), for support. She argues the case holds that when a party raises a specific ground for relief in a petition for reconsideration, that ground is properly preserved for judicial review.

The *Strother Field* court held that pleading defects in the petition for reconsideration deprived the court of jurisdiction to consider certain issues on the merits. The court found that a petition for reconsideration should state the specific grounds on which relief is requested. The court then held that issues not included in the petition for reconsideration cannot be raised in judicial review proceedings. In essence, the court held that when a party fails to raise a specific ground for relief in the petition for reconsideration, that argument is not properly preserved for judicial review. 46 Kan. App. 2d at 320-21.

9

In addition, in *Kansas Industrial Consumers v. Kansas Corporation Comm'n*, 30 Kan. App. 2d 332, 338, 42 P.3d 110 (2002), another panel of this court explained: "The purpose of requiring that all issues be included in the petition for reconsideration is to inform the KCC and other parties where mistakes of law and fact were made in the order." The panel elaborated: "*Requiring* a petition for reconsideration permits the KCC to correct errors which are called to its attention and thereby perhaps avoid judicial review." (Emphasis added.) 30 Kan. App. 2d at 338.

But in *Strother Field*, the filing of a petition for reconsideration was a statutory prerequisite to seeking judicial review from an administrative proceeding before the Court of Tax Appeals. 46 Kan. App. 2d at 320-21. And in *Kansas Industrial Consumers*, petitioning for reconsideration was a statutory prerequisite to seeking judicial review from an administrative proceeding before the KCC. 30 Kan. App. 2d at 338. In both cases, a petition for reconsideration was the instrument required by statute to exhaust administrative remedies prior to petitioning for judicial review. That is not the case here.

In administrative proceedings before agencies such as KDHE, the Legislature has provided that a party has the *option* of filing a petition for reconsideration after it does not succeed in a petition for review and the agency issues its final order. But a petition for reconsideration is explicitly *not* a prerequisite for judicial review. See K.S.A. 77-529(a)(1). It was in her petition for review of the initial order that Cunningham had to state a basis for review to the Secretary of KDHE to preserve issues for judicial review. See K.S.A. 77-527(b), (c), (j); K.S.A. 77-612.

We could dismiss this appeal because Cunningham failed to preserve her claims for judicial review, but we will not. A more fundamental point must be made here. One state agency cannot alter, amend, or overrule the actions taken by another state agency. It is a simple question of authority.

10

Agencies are limited in authority. "Administrative agencies are creatures of statute and their power is dependent upon authorizing statutes, therefore any exercise of authority claimed by the agency must come from within the statutes. There is no general or common law power that can be exercised by an administrative agency." *Pork Motel, Corp. v. Kansas Dept. of Health & Environment*, 234 Kan. 374, 378, 673 P.2d 1126 (1983); see *American Trust Administrators, Inc. v. Sebelius*, 273 Kan. 694, 698, 44 P.3d 1253 (2002).

Our point is clear. What DCF is legally required to do is found in the laws creating that state agency. What KDHE is legally required to do is found in the laws creating that state agency. They do not overlap. There is no common law power at play here.

The district court correctly ruled that Secretary Andersen had no authority to change the registry and had no discretion in how notice was sent to T.C. That is especially true here where Cunningham, herself, concealed the notice from T.C. Collateral attacks of one agency's actions in another agency proceeding are not legally permitted. If Cunningham or her son wished to challenge DCF's registry, they should have done so by directly appealing that designation.

Affirmed.